Hayzlett v. The City of Mount Vernon.

---

HAYZLETT *et al.* v. THE CITY OF MOUNT VERNON.

Municipal corporation: TAXATION. It is not competent for the inhabitants of a town and territory adjoining to exempt, by the petition of incorporation, property from municipal taxation which would otherwise be subject thereto.

*Appeal from Linn District Court.*

THURSDAY, FEBRUARY 22.

THE plaintiffs filed their petition in equity, alleging that they are owners respectively of farm property or homesteads, within the corporate limits of the city of Mount Vernon, Iowa, which are not within the town plat of Mount Vernon or any of its additions. That all the proceedings for the incorporation of the said town of Mount Vernon were based upon a certain petition signed by inhabitants of the territory, embraced within the limits of said incorporation, containing a provision as follows: " No farm property or homestead, not within the town plat or any of its additions, shall be taxed for municipal purposes included in the territory hereinbefore described. All town property within said territory, whether in the original plat of the town of Mount Vernon, Iowa, or any of the additions thereto or reservations therein, shall be

subject to all municipal taxation for the improvement of said incorporation."

That, on the 7th day of July, A. D. 1869, the proceedings for the incorporation of said town of Mount Vernon were completed in the manner provided by law, and afterward said city of Mount Vernon, by its officers and agent, proceeded to make an assessment and to levy taxes for municipal purposes on all property within the corporate limits, without excepting, from such levy, the farm property and homesteads not embraced within the town plat and additions. That such assessment and levy were afterward given to the treasurer of said county of Linn, who caused the same to be entered on the tax list of said county for the year 1869, and that, unless restrained, he will proceed to enforce the collection of said illegal taxes. The petition prays a writ of injunction, commanding the treasurer to withhold from the collection of said illegal taxes, and requiring the officers of the city of Mount Vernon to refrain hereafter from the assessment and levy of taxes on the aforesaid property.

The defendants answered, admitting the allegations in the petition, and averring as follows : " That they claim that said clause contained in the petition for the incorporation of the city of Mount Vernon, and which is as follows, to wit : 'No farm property or homesteads, not within the town plat or any of its additions, shall be taxed for municipal purposes included in the territory hereinbefore described,' is and was altogether illegal and void, and therefore not binding on said incorporation, its agents or officers, and, in consequence thereof, the officers of said incorporation have caused all property within the corporate limits to be listed, assessed, and taxes levied upon the same for municipal purposes, in disregard of said provision or clause contained in said petition, because they say that all the property described in the fourth paragraph of the plaintiff's petition is not used exclusively for farming

purposes, and that all of said property is so situated in reference to the city of Mount Vernon, and is so contiguous thereto, that it is benefited by the municipal government of said city, and that the plaintiffs and their said lands derive all the benefits and advantages from said municipal government and said, incorporation, that any other persons or property owners have who reside in, or own property within said corporate limits; that they, the said plaintiffs, and their land are benefited by the expenditure of the taxes levied and assessed upon the whole city, and their lands were therefore subjected to municipal taxation.

And defendants further answering state that there are a large number of homesteads included within the corporate limits of Mount Vernon aforesaid, consisting of parcels of ground differing in size and quantity, some containing one-half acre, some an acre, and some two acres of land, and some more, which are not in the town plat, or any of the additions or reservations, but which are so situated in the corporation that some of them are entirely, and some partially, surrounded by the town plat and the additions thereto, and receive all the benefits and advantages from city government and taxation that any property within the city receives, and, consequently, have been listed and assessed the same as other property, in disregard of the provisions in said petition for incorporation."

A general demurrer to this answer was sustained, and the injunction, which had been before granted, was made perpetual.

Defendants appeal.

*Thomas Corbett* for the appellants.

*J. B. Young* for the appellees.

DAY, J. — The only question presented by the record is, whether it is competent for the inhabitants of a town and of the territory immediately adjoining, to incorporate such town and the adjoining territory, in such manner as to exonerate a portion of the property within such incorporation from the payment of taxes for municipal purposes?

This question, we think, must be answered in the negative. In so construing the law we do not hold that all property included in the corporation is, of necessity, liable to taxation. See *Fulton* v. *The city of Davenport*, 17 Iowa, 404.

The point ruled is, that it is not competent, by the petition for incorporation, to exempt from taxation for municipal purposes, property which otherwise, under the law, would be subject to such taxation.

The impropriety of allowing such a restriction to be interposed is fully illustrated by the facts of the present case alleged in the answer, and by the demurrer admitted to be true. It is alleged that "there are a large number of homesteads included within the corporate limits of Mount Vernon aforesaid, consisting of parcels of ground differing in size and quantity, some containing one-half acre, some an acre and some two acres of land, and some more, which are not in the town plat, or any of the additions or reservations, but which are so situated in the corporation, that some of them are entirely and some partially surrounded by the town plat, and the additions thereto, and receive all the benefits and advantages from city government and taxation that any property situated within the city receives." Hence, this property so situated derives all the benefits resulting from the construction of sidewalks, and the grading and lighting of streets, and receives in common with other property the protection of fire engines and of a police force. Now, if it is competent to so incorporate a town as to exonerate such portions from taxation, it places it in the power of those owning land so situated to burden the

other portions of the town with the expenses of a city government and to reap all the advantages thereof, without assuming any of its attendant inconveniences or burdens.

For it will not unfrequently happen that persons so situated will possess the balance of power, and be able, by their votes, to impose or reject a city government. That this power might be so used in any case is, it seems to us, a sufficient reason for denying the right to exercise the power in all cases. Again, if we recognize the right to incorporate this town, with an exemption of this property from taxation, by what course of reasoning shall we deny the right upon incorporation to exempt from taxation property lying beyond certain streets *within* the town plat? What valid argument applies to one case that is not equally applicable to the other? Yet, if the last proposition should be conceded it would enable the majority of the inhabitants of a town to organize a city government, and to impose the burden of maintaining it upon the minority. The exercise of such a power might readily be made an instrument of the grossest oppression and abuse. No one would think of recognizing a doctrine so opposed to every sense of natural justice. And yet it is but a corollary of the doctrine contended for by the appellee. Whenever the principle is recognized that the incorporators of a town may exempt from taxation certain of the property within its limits, there ceases to be any legal rule by which the exercise of this right can be circumscribed.

We are of opinion that the provision in the petition for incorporation exempting certain property from municipal taxation is a nullity; that the city of Mount Vernon was not thereby deprived of the right to levy taxes upon property within its corporate limits, otherwise subject to taxation, and that the demurrer to the answer should have been overruled.

Reversed.