## No. 21,536.

CITY OF NEW ORLEANS VS. NEW ORLEANS CITY AND LAKE RAILROAD COMPANY.

Operating a street railroad by horse and steam is a *business* within the meaning of the law which can be subjected to the payment of a license, under Act 101 of 1886 and city Ordinance 2035.

A contract conferring the right to lay rails to operate a street railway, without dispensing from the payment of a license, is not impaired by the exaction of such license.

APPEAL from the Civil District Court, Parish of Orleans. *Rightor*, J.

*Francis B. Lee*, Assistant City Attorney, for Plaintiff and Appellee.

*Braughn, Buck, Dinkelspiel & Hart* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The plaintiff sues to recover $2500 and interest from the defendant, as a license for the year 1887 for carrying on, within the city limits, the business of operating and running a horse and steam railway, for the transportation of passengers.

The defenses are :

1. That Act No. 101 of 1886, which authorizes the city to levy the license tax, is unconstitutional, because the license is unequal and not graduated, as is required by Art. 206 of the Constitution, as it provides a different grade for cities, according to their population.

2. That, if this defense is not well founded, then that the license tax

cannot be recovered, because the business is not a trade, profession, avocation or calling in the sense of the law, but is simply the exercise of a privilege accorded, for consideration, to use the streets and highways of the city for street railroad purposes; that the enforcement of the ordinance, under which the license is claimed, will impair the obligations of the contract entered into in 1879 between the city and the company, and that this impairment violates both the Federal and State Constitutions.

### I.

The first defense is formally abandoned by the company, on consideration of the ruling in State vs. O'Hara, 36 Ann. 94, as settling the question.

### II.

In relation to the second defense, it may suffice to observe :

1. That the act of 1886 expressly recognizes and declares that, carrying on, operating or running any horse or steam railroad, or both, for the transportation of passengers, within the limits of any city, is a *business*, and that, after so saying, the act proceeds to graduate the license.

2. That the privilege conceded by the city, by the contract of 1879, to the company, was intended merely to confer the right to lay rails and do all necessary work, on the streets designated, to enable the grantee to exercise the right of way to operate a street railway.

From the language of the act, it is clear and it follows, that the operating of a street railroad is a *business*, and, as such, chargeable with a license.

The privilege of the right of way, is what is termed a franchise, which, when granted, becomes *property*, susceptible of incumbrance and conveyance. Board vs. New Orleans, 32 Ann. 915 ; N. O. vs. R. R. Co., 34 Ann. 1228, and same, 114 U. S. 505.

It is, therefore, well distinguishable from the privilege of enjoying that right, which is vivified only on the payment of the proper license to the city, under the terms of Act 101 of 1886, p. 175 (9th and following class), on which Ordinance 2035, C. S., sued under, is made to rest.

It is further clear, that, as the contract of 1879 does not grant the privilege of using or exercising the right of way, *free* from any license, the exaction of one, does not impair the obligation of the contract.

The district judge ruled correctly.

Judgment affirmed.