# Richmond.

## MORGAN v. COMMONWEALTH.

### MARCH 15, 1900.

1. CRIMINAL LAW—*Revenue Laws—Fishing in Public Waters Without License—Jurisdiction of County Courts.*—Catching and taking fish in the waters of the Commonwealth without having first taken out license therefor, and paid the tax required by law, is a violation of a revenue law· of the State, of which class of offences county and corporation courts, police justices, and justices of the peace, have concurrent jurisdiction.

2. CONSTITUTIONAL LAW—*Act March 3, 1898—Ex Post Facto Law.*—The Act of March 3, 1898, (Acts 1897-'8, page 864,) regulating the catching of fish in the waters of the Commonwealth relates wholly to the future, and is not *ex post facto*, and it is not rendered so because the indictment in this case charges the defendant with violating its provisions both before and after the date of its approval; but for acts committed before its approval and prohibited thereby, the defendant cannot be convicted.

3. NAVIGABLE WATERS—*Jurisdiction of State—Fishing.*—The navigable waters of the State, and the soil under them within its territorial limits are the ·property of the State, for the benefit of its people, and it has the right ·to control them as it sees proper, provided it does not interfere with the authority granted the United States to regulate commerce and navigation. The State has the right to impose a license tax for fishing in such waters.

4. CONSTITUTIONAL LAW—*Equality of Taxation—Double Taxation—Sufficiency of Title of Act—Ad Valorem System—Object to which Tax to be Applied.*—The Act of March 3, 1898, (Acts 1897-'8, page 864,) regulating the catching of fish in the waters of the Commonwealth is a valid exercise of the taxing power. The tax imposed is equal and uniform, as all fishermen in the same class are taxed alike. Imposing a license and taxing the fishing tackle is not double taxation. The title of the act is sufficient to cover the body, and the business cannot be reached on the *ad valorem* system. Whether

or not a business can be reached by the *ad valorem* system is primarily for the Legislature, and its determination of that question will never be held erroneous unless it is manifestly so. The act also sufficiently designates the object to which the tax is imposed by it is to be applied.

Error to a judgment of the County Court of Mathews county, rendered November 18, 1898, on a prosecution of the plaintiff in error for unlawful fishing—the plaintiff in error having been convicted and adjudged to pay a fine of $25, and the Circuit Court of said county having refused a writ of error.

*Reversed.*

The opinion states the case.

*J. N. Stubbs*, for the plaintiff in error.

*Attorney-General A. J. Montague*, for the Commonwealth.

BUCHANAN, J.:

The plaintiff in error was indicted, tried and judgment rendered against him in the County Court of Mathews county for catching and taking fish in the waters of the Commonwealth without first having obtained a license and paid the tax required by Act of Assembly approved March 3; 1898. (Acts 1897-'8, p. 864.) To that judgment this writ of error was awarded.

The County Court had jurisdiction to indict and try the plaintiff in error for the alleged offence. This was a prosecution for the violation of the revenue laws of the State, and by Act of Assembly approved February 9, 1898, it is provided that the county and corporation courts, police justices, and justices of the peace shall have concurrent jurisdiction, among other things, of all violations of the revenue laws of the State. Acts 1897-'8, ch. 264, pp. 289-90.

The act of March 3, 1898, is not an *ex post facto* law. It does not declare any act done before its passage criminal, nor render any act punishable in a manner in which it was not punishable

when it was committed. Its provisions relate wholly to the future. The fact that the indictment charges that the accused was engaged in fishing without paying the license tax before the 3d of March, 1898, when the act went into effect, as well as afterwards, does not make the statute under which the indictment was made an *ex post facto* law. That was the error of the grand jury, and cannot prejudice the accused, as no conviction can be had for any act done before the enactment of the statute.

Neither is a license tax upon the residents of the State, for the privilege of fishing in the waters belonging to the State, in violation of any provision of the Constitution of the State, or of the United States. The navigable waters of the State and the soil under them within its territorial limits are the property of the State, for the benefit of its own people, and it has a right to control them as it sees proper, provided it does not interfere with the authority granted the United States to regulate commerce and navigation. *McCreedy* v. *Commonwealth*, 27 Gratt. 985; *Same*, 94 U. S. 391. If the State has the right to require a license tax of merchants and others engaging in business upon their own capital, it certainly has the right to require a license tax of those who use the property of the State in carrying on their business as do the fishermen mentioned in the statute.

Neither is there anything in the objection that the tax is not equal and uniform. By the provisions of the statute, fishermen are divided into three classes, according to the depth of the water in which they fish, and the amount of the tax is graded accordingly. All in the same class are taxed alike. Such a license tax is valid. *Ould & Carrington* v. *City of Richmond*, 23 Gratt. 464; *Com.* v. *Moore, &c.*, 25 Gratt. 957.

Neither is it double taxation to require the accused to pay a license tax for the privilege of carrying on a business, and at the same time impose a tax upon the property used by him in carrying on that business. Attorneys at law, physicians and others pay license taxes for the privilege of practicing their professions and conducting their business, and taxes are imposed upon the

property used by them in carrying on their professions and business. This has never been considered double taxation.

Neither is the license tax in question in conflict with Article X., section 4, of the Constitution, which provides for a license tax on such business only as cannot be reached by the *ad valorem* system. Whether a business can or cannot be reached by the *ad valorem* system of taxation is primarily for the Legislature. Its determination of that question will never be held erroneous unless it is manifestly so. The business of fishing in the waters owned by the State is no more within the reach of the *ad valorem* system than that of an itinerant peddler, a commission merchant, sample merchant or junk-dealer, upon whom it has been held license taxes can be imposed. *Hirsh's Case*, 21 Gratt. 785.

The title of the act under consideration is not repugnant to section 15, Article V., of the Constitution. It has but one object. That is clearly stated, and is sufficiently comprehensive to embrace all the provisions contained in the act so far as they impose a license tax for the privilege of fishing in the waters of the Commonwealth, and inflict penalties for a failure to pay the same.

The only objection made to the validity of the act of March 3d which has given us any difficulty is that it does not state the object to which the tax imposed shall be applied, and is therefore in violation of section 16, Article X., of the Constitution, which provides that "every law which imposes, continues, or revises a tax, shall distinctly state the tax and the object to which it is to be applied, and it shall not be sufficient to refer to any other law to fix the tax or object." The statute imposes a tax, and in order to be valid must comply with the constitutional requirement quoted.

It is provided by section 4 of the act that "the money collected for license taxes shall be paid over to the Auditor of Public Accounts and accounted for in the general oyster fund of the State; but shall in nowise be considered a part thereof, or in any way used to defray the expenses of said oyster commission.

The act declares that it shall be paid over to the Auditor of Public Accounts, and accounted for in the general oyster fund of the State. If it had stopped there, I would have thought it sufficient under the liberal construction which has, and ought to be, given to constitutional provisions which do not touch the substance of the law, or the authority of the Legislature to pass it. *The People* v. *The Supervisors of Orange,* 17 N. Y. 235; *Iverson Brown's Case,* 91 Va. 762. But the provision which follows declares that the money derived under the act shall in nowise be considered a part of the general oyster fund, or in any way be used to defray the expenses of the oyster commission. If, as the act declares, it is no part of the oyster·fund of the State, for what object was it imposed, and for what purpose is it to be used? The act does not show, as it seems to me, and for that reason is invalid in my opinion. In this view Judge Cardwell concurs. A majority of the court, however, are of opinion that, under the decision of this court in *Iverson Brown's Case, supra,* and the cases there cited, the object for which the tax was imposed is sufficiently stated.

Whilst the court is of opinion that the statute is valid and constitutional, and that the indictment is sufficient, it is further of opinion that the evidence does not show that the accused was guilty of the offence charged. The record, placing the most favorable construction upon it for the Commonwealth, does not show that the accused was engaged in catching and taking fish, or that he caught or took a single fish after the act under which he was indicted went into effect. For failing to set aside the verdict upon this ground, the judgment complained of must be reversed, the verdict be set aside, and the cause remanded for a new trial.

It is unnecessary to consider other assignments of error as the questions raised by them have either been disposed of by what has been said, or are not likely to arise upon the next trial.

*Reversed.*