## Staunton.

### THOMAS v. SNEAD, COMMISSIONER.

#### SEPTEMBER 12, 1901.

#### Absent, Whittle, J.*

1. MUNICIPAL CORPORATIONS—*Power to Exempt from Taxation.*—A municipal corporation has no inherent power to exempt from taxation any property which, by its charter, it is authorized to tax. The power to exempt from taxation, like the power to tax, is an incident of sovereignty, and cannot be exercised by a municipal corporation unless such power has been granted by the State.

2. TAXATION—*Ad Valorem System—Legislative Determination.*—Whether a business can or cannot be reached by the *ad valorem* system is a question primarily for the Legislature, and its determination of that question cannot be held to be erroneous unless it is manifestly so.

3. CONSTITUTIONAL LAW—*Taxation—Licenses—Ad Valorem System.*—The Legislature has no power, under the Constitution, to impose a license tax, or to authorize a municipal corporation to do so, upon any business other than those specifically mentioned in section 4, Article X., of the Constitution, except where it cannot be reached by the *ad valorem* system.

4. MUNICIPAL CORPORATIONS—*Ad Valorem Tax—Legislative Determination.*—The fact that the Legislature imposes an *ad valorem* tax on a business is a conclusive determination that the business can be reached by the *ad valorem* system, and it must be so reached when taxed by municipal corporations.

Error to a judgment rendered April 30, 1900, by the judge of the Circuit Court of the city of Lynchburg, in vacation, on an application for a writ of *mandamus*, wherein the plaintiff in error was the petitioner, and the defendant in error was the respondent.

* Judge Whittle decided the case in the Circuit Court.

*John G. Haythe* and *Harrison & Long,* for the plaintiff in error.

*N. C. Manson, Jr.,* and *Blackford, Horsley & Blackford,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The principal question involved in this case is the validity of certain ordinances of the city council of the city of Lynchburg exempting, or attempting to exempt, from taxation the capital stock of eight joint stock companies, and the capital of one partnership, all manufacturing concerns doing business in the city.

The exempting ordinances are substantially the same, and the following is a copy of the ordinance exempting the Lynchburg Plow Works, one of the eight joint stock companies:

"Be it ordained by the Council of the city of Lynchburg, that the Lynchburg Plow Works be and the same is hereby exempted from taxation on capital invested in business for a period of ten years from December 3, 1897. Nothing herein contained, however, shall be construed as exempting said Lynchburg Plow Works from a taxation on realty as usually levied by law."

By section 3 of Chapter VIII. of the charter of the city (Acts 1895-'6, p. 213) the city council was authorized to tax (among other things, and with certain limitations not material to this case) all real and personal property in the city, all corporations doing business or having their principal office in the city, all capital of persons having a place of business or doing business in the city, and all stocks in incorporated joint stock companies doing business therein; provided that no capital should be taxed when a license or other tax was imposed upon the business in which said capital was employed.

By section 5 of the same chapter, the city council was author-

ized to impose a tax upon persons engaged in a number of designated business enterprises; among others, upon manufacturers, and also upon any other person or employment which it might deem proper, whether such person or employment was therein specially enumerated or not, and whether any tax was imposed thereon by the State or not. That section further provides that "as to all such persons or employments the council might lay a direct tax or might require a license tax therefor under such regulations as it might prescribe and levy a tax thereon" subject to the provisions of the third section of that chapter.

Acting under those provisions of its charter the city council, by sections 60, 61 and 63 of its license ordinance, imposed a graduated license tax upon persons engaged in certain designated employments, and by section 62 of the same ordinance imposed upon every person engaged in manufacturing any article not otherwise specified, a license tax of one dollar and fifty cents upon every one hundred dollars of capital engaged in such business.

Under those provisions the capital stock of the joint stock companies and the capital of the partnership in question were clearly liable to a license tax, if the city council had the right to impose such a tax upon manufacturers, and they should have been assessed therewith unless the city council had the power to pass the several ordinances relieving them from such tax.

Although there are some expressions of opinion in our cases upon the subject, it is still an open question, whether under the provisions of Article X. of the Constitution the legislature has the power to exempt property from taxation beyond the subjects named in section three of that article. *Whiting* v. *Town of West Point,* 88 Va. 750, 754, 755. But if it were conceded that the Legislature has such power, it has not conferred it upon the city of Lynchburg. There is nothing said in its charter about making exemptions. In the absence of such authority, has its council the power to pass the ordinances in question?

Opinion.

The power to exempt from taxation, like the power to tax, is an incident of sovereignty, and cannot be exercised by a municipal corporation unless such power has been granted by the State.

This was so held in the case of *Whiting* v. *Town of West Point*, *supra*, where this question arose and its determination was necessary to a decision of the case. Judge Lewis, who delivered the opinion of the court in that case, reviews at length its former decisions relied on as persuasive or conclusive authority upon the question involved, and clearly shows that the question was then an open one in this State, and reaches the conclusion upon reason and authority that a municipal corporation has no inherent power to exempt from taxation any property which by its charter it is authorized to tax.

It is true, as argued, that two of the judges dissented from the opinion of the court in that case. Upon what precise ground they based their dissent the report of the case does not show, as no dissenting opinion was filed. But whatever may have been the ground of their dissent, we are of opinion that the conclusion reached by the majority of the court was right upon principle, is in full accord with the prior and subsequent decisions of this court as to the limited powers of municipal corporations, and is sustained by the great weight of authority outside of the State.

Judge Cooley in his work on Taxation (2d ed.), page 201, says, in discussing this question, that " Pertaining as it does to the sovereign power to tax, the inferior municipalities of the State are not possessed of it, and they cannot therefore make exemptions except as expressly authorized by the State."

"And it would obviously not be within the competency of the Legislature," he continues, "to confer a general power to make exemptions, since this would be nothing short of a general power to establish inequality. Exemptions, when properly made, must be determined in the Legislature's discretion, but even this is not untrammelled. It is not an arbitrary discretion, and there must

underlie its exercise some principle of public policy which can support a presumption that the public interest will be subserved by the exemptions which are allowed."

Again, on page 215, he says: " It would be difficult to conceive of a justifiable exemption law which should single out individuals or corporations, or single articles of property, and, taking them out of the class to which they belong, make them the subject of capricious legislative favor. Such favoritism could make no pretence to equality. It would lack the semblance of legitimate tax legislation. It is certain that municipal bodies or taxing officers have no authority to make such exemptions unless expressly empowered by legislation. * * * The motives of the exemption or the beneficial purposes expected to be accomplished by it can make no difference."

Desty, in his work on Taxation, Vol. 1, page 466, says: " The imposition of and exemption from taxation must be by one and the same State authority—that of legislation; hence towns and cities, &c., cannot exempt property from taxation or discriminate in favor of any property, as the power to exempt property from taxation is not included in the power to tax; it must be specifically conferred. * * * "

In Vol. 12 of the Am. & Eng. Enc. Law (2d ed.), page 283, which is the most recent discussion of the question that we have seen, and where numerous cases are cited, the rule upon the subject is stated as follows—viz.: "A municipal corporation possesses no inherent power to create exemptions from taxation, nor can such a power be implied from a delegation of the power to tax, but it exists only where the Legislature has expressly granted it, and can be exercised only within the limits of such grant."

In addition to the cases cited in the opinion of the court in *Whiting* v. *Town of West Point,* on this subject, see *New Orleans* v. *St. Charles R. R. Co.,* 28 La. Ann. 497; *City of Tampa* v. *Kaunitz,* 39 Fla. 683; *City of Louisville* v. *Board of Trade,* 90 Ky. 409; *Cartersville Waterworks* v. *Mayor, &c. of Cartersville,*

89 Ga. 689; *Hayzlett* v. *City of Mt. Vernon,* 33 Iowa, 229;
*Mack* v. *Jones,* 21 N. H. 393; *New Orleans* v. *New Orleans
Sugar Shed Co.,* 35 La. Ann. 548, and note to 15 L. R. A. 860.

We are of opinion, therefore, that the city council had no
authority to exempt the capital stock of the joint stock companies
and the capital of the partnership in question from taxation, and
that the commissioner of the revenue, the defendant in error,
ought to have assessed them with a license tax, if the ordinance
imposing a license tax upon manufacturers is valid, and if not,
he ought to have assessed them with a property tax, under sec-
tions 4 and 5 of the ordinance of February 23, 1900, imposing a
property or *ad valorem* tax upon all the capital of all incorpo-
rated joint stock companies and the capital invested, used, or
employed in any business upon which no license or other tax
was imposed.

The validity of the license tax upon manufacturers or the
business of manufacturing is denied by the plaintiff in error,
upon the ground, among others, that the capital stock of corpora-
tions and the capital of individuals engaged in manufacturing
are taxed by the State upon the *ad valorem* system, and that
where such tax can be levied a license tax cannot be imposed.

By section 1 of Article X. of the Constitution it is provided
that taxation, except as thereinafter provided, whether imposed
by the State, county or corporate bodies, "shall be equal and
uniform, and all property, both real and personal, shall be taxed
in proportion to its value." By section 4 of the same article the
General Assembly is authorized to levy a tax upon incomes,
upon licenses to persons engaged in certain designated employ-
ment, and upon all other business which cannot be reached by
the *ad valorem* system.

Under the provisions of the Constitution, the General Assem-
bly has no power to levy a license tax upon any employment or
business other than those named in the fourth section, except in
cases where such business cannot be reached by the *ad valorem*

system. Whether a business can or cannot be reached by the *ad valorem* system is a question primarily for the Legislature, and its determination of the question cannot be held to be erroneous unless it is manifestly so. *Morgan's Case*, 98 Va. 812, 815; *Com.* v. *Moore & Goodsons*, 25 Gratt. 957.

The General Assembly for State purposes does not impose a license tax upon the business of manufacturers, but imposes a property tax upon the capital stock of joint stock companies and the capital of individuals engaged in such business. Acts 1889-'90, pp. 201, 214, &c.

As long as the General Assembly continues that method of taxation for State purposes it is a conclusive determination that such business can be reached by the *ad valorem* system, and if it can be and is so reached by that system for State purposes, it must be so reached when taxed by municipal corporations, for the Legislature has no power under the Constitution to impose a license tax, or to authorize a municipal corporation to do so, upon any business other than those specifically mentioned in section 4 of Article X. of the Constitution, except where it cannot be reached by the *ad valorem* system.

The Legislature having no power to authorize the council of the city of Lynchburg to levy a license tax upon the business of manufacturing, the ordinances imposing such a tax must be held invalid and void.

The capital stock of the joint stock companies and the capital of the partnership in question not being assessed with a license tax, nor liable to such assessment, they were liable to and ought to have been assessed with a property or *ad valorem* tax, as provided by sections 4, 5 and 6 of the ordinance of the city council imposing a tax upon property which, as we have seen, was clearly broad enough to embrace them and to require their assessment for taxation.

The judgment complained of must, therefore, be reversed and set aside, and this court will enter such order as the Circuit Court ought to have entered.                               *Reversed.*