𝔅𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

NEWPORT NEWS & OLD POINT RAILWAY & ELECTRIC CO. v. CITY
OF NEWPORT NEWS.

January 23, 1902.

1. MUNICIPAL CORPORATIONS—*General Power of Taxation.*—A grant by
the Legislature to a municipality of the power to raise annually by
taxation on subjects within its limits such sums as it deems neces-
sary for its expenses, is the grant of a general power of taxation,
and confers upon the municipality all the powers possessed by the
State in respect to the imposition of taxes; and the municipality
can then impose taxes, in its discretion, upon all subjects within
its jurisdiction not withheld from taxation by the Legislature,
whether they be taxed by the State or not.

2. MUNICIPAL CORPORATIONS—*Taxation—License—Ad Valorem—Street
Railways.*—A license tax may be imposed on a street railway com-
pany by a municipal corporation through which it runs, either in
pursuance of its general powers of taxation, or in the exercise of
its police power; and this right is not affected by the fact that the
property used by the company in the conduct of its business is
taxed both by the city and State upon the *ad valorem* basis.

3. TAXATION—*License—Uniformity—Municipal Corporations.*—The only
uniformity required in imposing license taxes is that the tax shall
be the same on all those engaged in the same business.

4. TAXATION—*Double Taxation—Property Tax—Street Railways—Munici-
pal Corporations.*—The imposition of a license tax on a street railway
company for the privilege of conducting its business, and a direct
tax on the property engaged in carrying on the business is not
double taxation.

5. MUNICIPAL CORPORATIONS—*Taxation—Enumerated Subjects—General
Powers—Street Railways.*—A city charter which authorizes a license
tax upon certain pursuits therein named, and "upon all other busi-
ness and pursuits upon which a license tax is levied by the State,
and such other business as may be lawful," confers the power to

impose a license tax on a street railway company, though not speci-
fically named.

6. MUNICIPAL CORPORATIONS—*Street Railways—License—Lines Partly Out
of City.*—A license tax may be imposed by a city upon a street rail-
way company, upon the business done 'in such city, although the
lines of the company extend beyond the city limits.

7. MUNICIPAL CORPORATIONS—*Street Railways—Right to Construct—Sub-
sequent Taxation.*—A municipal ordinance granting to a street rail-
way company a franchise to construct its tracks and operate cars
upon the streets of the city, though silent as to taxation, cannot
be construed as conferring immunity from the payment of a license
tax, in the absence of an express stipulation to that effect. Exemp-
tion from taxation is never to be presumed.

Error to a judgment of the Corporation Court of the city of
Newport News, rendered December 10, 1900, on an appeal from
the Police Justice of said city, imposing a fine on the plaintiff
in error for doing business in said city without having paid the
license taxes imposed by the ordinances of said city.

*Affirmed.*

The opinion states the case.

*O'Ferrall & Regester* and *E. M. Braxton,* for the plaintiff in
error.

*J. A. Massie,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This record brings in question the authority of the city of
Newport News to levy a license tax upon the Newport News &
Old Point Railway & Electric Co., as provided in section 79 of
its tax ordinance, which is as follows:

"On each and every street railway company, twenty-five dol-
lars each for the first ten cars, and ten dollars on each car in ad-
dition thereto used in the city, and an additional tax of fifty
cents on each and every pole owned by said company in this
city."

It is contended that this ordinance is invalid because in violation of section 1, of Article X. of the Constitution of Virginia, which secures equal and uniform taxation, and is also obnoxious to section 4 of the same article, which authorizes the General Assembly to levy a tax upon certain licenses named in the section, and all other business which cannot be reached by the *ad valorem* system. The argument being that, inasmuch as no license tax is imposed upon the plaintiff in error by the State, its property being reached by the *ad valorem* system for purposes of State taxation, no license can be imposed by the city until the State abandons its method of taxation, and declares that the property cannot be reached by the *ad valorem* system.

Section 104 of the charter of Newport News (Acts 1895-'6, p. 93), provides that "for the execution of its powers and duties, the Council may raise taxes annually by assessments in said city on all subjects taxable by the State, such sums of money as it shall deem necessary to defray the expenses of the same, and in such manner as it shall deem expedient, in accordance with the laws of this State, and of the United States."

. This language is substantially the same as that found in the charters of other cities of this Commonwealth, and has been repeatedly construed and held to confer upon the City Council general powers of taxation, including all persons and subjects of taxation, except only as it may be limited by the laws of the State, or of the United States. *Ould & Carrington* v. *City of Richmond*, 23 Gratt. 464; *Humphries* v. *City of Norfolk*, 25 Gratt. 97; *Western U. Tel. Co.* v. *City of Richmond*, 26 Gratt. 1; *Norfolk* v. *Norfolk Landmark*, 95 Va. 564.

When the Legislature confers upon a municipality general powers of taxation it grants all the powers possessed by itself in respect to the imposition of taxes, and the city can then impose taxes, in its discretion, upon all subjects within its jurisdiction not withheld from taxation by the Legislature, whether they be taxed by the State or not. It was accordingly held in

the case last cited that the city of Norfolk was authorized, by substantially the same language as that employed in section 104 of the charter of Newport News, to impose a license tax on the business of publishing a newspaper, although not so taxed by the State.

The property of the plaintiff in error being assessed upon the *ad valorem* basis for purposes of State taxation, it is insisted that, under the recent decision of this court in *Thomas* v. *Snead*, 99 Va. 613, the city can exact no license tax of the plaintiff in error, but must be confined to taxing its property upon the *ad valorem* system. The question involved in that case was the power of the city of Lynchburg to exempt the capital stock of certain manufacturing enterprises in that city from taxation. The capital of these joint stock companies was taxed by the State upon the *ad valorem* basis. The court held that the city had no power to exempt the capital thus invested from taxation; and, in pointing out the method by which alone it could be taxed by the city, the court further held that, inasmuch as the Legislature had determined that the capital stock of such manufacturing enterprises could be reached by the *ad valorem* system, and so reached it for purposes of State taxation, no other method of reaching the same was open to the city. The case at bar presents a very different question. The city of Newport News is not proposing to exempt the plaintiff in error from taxation. On the contrary, the property used in conducting its street railway business is taxed by the city upon the *ad valorem* basis, as it is by the State. The ordinance in question imposes, in addition, a license tax upon the privilege enjoyed of conducting the street-car business. That the privilege of running street cars through the crowded thoroughfares of a city is, in the discretion of the Council, a legitimate subject upon which to impose a license tax, either for the purposes of raising revenue under its general powers of taxation, or in the exercise of its general police power, cannot be seriously questioned. Booth on Street Rwys.,

sec. 280; *Wiggins Ferry Co.* v. *E. St. Louis*, 107 U. S. 375; *Springfield* v. *Smith*, 37 L. R. A. 446; *Allerton* v. *City of Chicago*, 6 Fed. Rep. 555; *Frankford Rwy. Co.* v. *Philadelphia*, 58 Pa. St. 119; *City of San Jose* v. *R. R. Co.*, 53 Cal. 475; *Chicago P. & P. Co.* v. *Chicago*, 86 Ill. 221; *Allentown* v. *W. U. Tel. Co.*, 148 Pa. St. 117.

The license tax required is not unequal taxation, because the ordinance imposing it applies alike to all street railway companies. Uniformity must be such as is compatible with the subject matter, and, as to licenses, the only uniformity required is that the tax shall be the same on all those in the same business. *Commonwealth* v. *Moore*, 25 Gratt. 951. Nor is it double taxation to require a street railway company to pay a license tax for the privilege of conducting its business, and at the same time to impose a tax upon the property used in carrying on that business. *Morgan's Case*, 98 Va. 812. In *Morgan's Case*, Judge Buchanan, speaking for the court, says: "Attorneys at law, physicians, and others pay license taxes for the privilege of practicing their professions and conducting their business, and taxes are imposed upon the property used by them in carrying on their professions and business. This has never been considered double taxation."

The position is not tenable, that because street railways are not mentioned in section 105 of the city charter, which authorizes a license tax upon certain pursuits therein stated, they are therefore excluded from such taxation under the maxim, *expressio unius est exclusio alterius.* It is clear that the Legislature did not undertake to enumerate all the subjects and classes upon which a license tax might be imposed. On the contrary, it plainly indicated that there were other pursuits not named that might be licensed, by its use, after the callings specifically mentioned, of the broad language, *"and upon all other business and pursuits upon which a license tax is levied by the State,* and such other business as may be lawful." If the contention were sound

that the city was limited in its power to impose a license to the pursuits enumerated in sec. 105, it would sweep away the power of taxation from a large class of subjects, the constitutionality of which has never been questioned, and in some cases have already been affirmed by this court as subject to a license tax. *Commonwealth* v. *Moore, supra.*

The street railway line of the plaintiff in error extends beyond the corporate limits of Newport News, and through the county of Elizabeth City, to the adjacent towns of Hampton and Phœbus. It is suggested that a railway company is an entirety, and cannot be spoken of as actually located in any county, city, or town which it traverses. Granting this to be true, still it may be taxed by the city, the streets of which are traversed by it, upon the business done in such city, although its lines extend beyond the city limits. *Florida Ry. Co.* v. *Columbia,* 1 Mun. Corp. Cases, 608; *San Jose* v. *San Jose Ry. Co.,* 53 Cal. 475.

It is further contended that the right to assess a license tax upon the plaintiff in error, in order to be exercised, should have been reserved to the city in the ordinance granting the company the right to construct its tracks and operate its cars on the streets. This position is not sound. The right to levy taxes does not arise out of contract. Exemption from taxatio.. is never to be presumed. The Legislature cannot be held to have intended to surrender the taxing power unless its intention to do so has been declared in clear and unmistakable words. In Booth on Street Railways, sec. 281, the learned author says: "In construing the charter of a company conferring authority to construct and operate a street railway, the right to exact license fees will not be denied because it has not been expressly reserved in the grant; and where the contract between the city and the company does not in terms dispense with the payment of a license, the rights of the latter are not impaired by a subsequent ordinance requiring such payment." It has been re-

peatedly held that a municipal ordinance granting to a street railway company a franchise to construct its tracks and operate cars upon the streets of the city, and which is silent upon the question of taxation, cannot be construed as conferring immunity from the payment of a license tax, in the absence of an express stipulation to that effect. *New Orleans R. R. Co.* v. *New Orleans,* 143 U. S. 192; *Memphis Gas Light Co.* v. *Shelby County,* 109 U. S. 398; *Springfield* v. *Smith, supra* (138 Mo. 645); *City of New Orleans* v. *Lake R. Co.,* 40 La. Ann. 587; *Same* v. *New Orleans R. R. Co.,* 42 La. Ann. 4; *City of San Jose* v. *San Jose R. R. Co.,* 53 Cal. 475; *Cream City R. R. Co.* v. *Hilbert, Treas.,* 72 Wis. 184.

Nowhere in the ordinance under which the plaintiff in error was authorized to construct its tracks and operate its cars is there, either in terms or by implication, an exemption from the tax imposed by the city. The company took its charter subject to the same right of taxation in the city that applies to all other privileges, and to all other property. If it wished or intended to have an exemption of any kind from taxation, it should have obtained a provision to that effect in its charter. *Memphis Gas Light Co.* v. *Shelby County,* 109 U. S., *supra.*

Upon the whole case, we are of opinion that the ordinance complained of is not in conflict with the Constitution and laws of either this State, or the United States, but is a legitimate exercise of municipal power, and the judgment of the Corporation Court of the city of Newport News, so holding, must be affirmed.

*Affirmed.*