# Richmond.

## CITY OF NORFOLK V. GRIFFITH-POWELL CO.

### DECEMBER 3, 1903.

### Absent, Buchanan, J.*

1. CONSTITUTIONAL LAW—*Taxation—Ad Valorem Tax—License Taxes.*—
   The provision of section 4 of Article X. of the Constitution (1869)
   that "the capital invested in all business operations shall be
   assessed and taxed as other property" is mandatory upon the Leg-
   islature and cannot be avoided, whereas the provision of the same
   section for levying a license tax, in certain enumerated cases and
   on "all other business which cannot be reached by the *ad valorem*
   system," is permissive only, and in the latter case it is no inva-
   sion of the requirement that taxation shall be uniform if no license
   tax is imposed.

2. MUNICIPAL CORPORATIONS—*Powers of Taxation.*—The Legislature
   may delegate to a municipality all or any portion of its power of
   taxation within the corporate limits of the municipality, but unless
   the power delegated be limited it will pass to the municipality in
   its entirety. When it is entire the municipality stands clothed with
   all the power of taxation which exists in the Legislature.

3. MUNICIPAL CORPORATIONS—*Taxation—Ad Valorem Tax by State—
   License Tax by Municipality.*—Where a municipality has been in-
   vested with complete power of taxation, the mere fact that the
   State imposes an *ad valorem* tax on the capital invested in a par-
   ticular business does not debar the municipality from imposing a
   license tax on such business, although no license is imposed by the
   State. *Thomas v. Snead*, 99 Va. 613, *overruled on this point.*

4. NORFOLK CITY—*Powers of Taxation.*—The city of Norfolk has com-
   plete power of taxation under its charter, and while it is competent
   for the Legislature at any time to abridge this power, either by
   express words or by necessary implication in general revenue laws
   or otherwise, it has not seen fit to do so. Acts 1889-90, p. 197,
   does not have that effect.

---

*Judge Buchanan was detained at home by sickness.

Error to a judgment of the Circuit Court of the city of Norfolk reversing a judgment of the Police Justice of said city, which last-mentioned judgment imposed a fine on the defendant in error for doing business in said city without a license.

*Reversed.*

The opinion states the case.

*Walter H. Taylor,* for the plaintiff in error.

*Ruffin & Tomlin,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

Section 85 of the ordinance of the city of Norfolk imposing license taxes is as follows:

"On every person, firm or corporation conducting a rolling mill, foundry, furnace, or machine shop, $50.00, in addition to the capital invested."

A warrant was issued against the Griffith-Powell Company, charging it with a violation of this ordinance, and at the hearing before a justice of the peace it was fined $20.00 and costs. It thereupon appealed to the Circuit Court of the city of Norfolk, and that court, being of opinion that the ordinance was repugnant to the Constitution of the State, reversed the judgment of the justice, and dismissed the warrant.

From the agreed statement of facts it appears that the defendant in error is a joint stock company, engaged in the business of operating a machine shop in the city of Norfolk, and that this is a manufacturing business; that the defendant in error has paid the *ad valorem* tax on its capital, as required by the State laws and city ordinances. The Circuit Court was of opinion that under the Constitution of the State the city of Norfolk has no power to levy a license tax upon the business of the defendant company. To that judgment the city of Norfolk obtained a writ of error.

The charter of the city of Norfolk, with respect to the power of taxation, was construed by this court in the case of *City of Norfolk* v. *Norfolk Landmark,* 95 Va. p. 564, 28 S. E. 959, where it is said that the grant by the Legislature to a municipality of the general power of taxation confers all the power possessed by the Legislature itself, with respect to the imposition of taxes, and the municipality may tax all subjects within its jurisdiction not withheld from taxation by the Legislature, whether the State taxes them or not. The case just cited is of special interest to the present inquiry, because it defines the powers of the city, acting under the charter which is now called in question.

In *Newport News Railroad Company* v. *Newport News,* 100 Va. 157, 40 S. E. 645, this statement of the law is reiterated, and it is also declared that a license tax may be imposed on a street railway company by a municipal corporation through which it runs, either in pursuance of its general power of taxation, or in the exercise of its police power; and that this right is not affected by the fact that the property used by the company in the conduct of its business is taxed both by the city and the State upon the *ad valorem* basis. Judge Harrison, delivering the opinion of the court, uses the following language: "The property of plaintiff in error being assessed upon the *ad valorem* basis for purposes of State taxation, it is insisted that, under the recent decision of this court, in *Thomas* v. *Snead,* 99 Va. 613, the city can exact no license tax of the plaintiff in error, but must be confined to taxing its property upon the *ad valorem* system. The question involved in that case was the power of the city of Lynchburg to exempt the capital stock of certain manufacturing enterprises in that city from taxation. The capital stock of these joint stock companies was taxed by the State upon the *ad valorem* basis. The court held that the city had no power to exempt the capital thus invested from taxation; and in pointing out the method by which alone it could

be taxed by the city, the court further held that, inasmuch as the Legislature had determined that the capital stock of such manufacturing enterprises could be reached by the *ad valorem* system, and so reached it for purposes of State taxation, no other method of reaching the same was open to the city. The case at bar presents a very different question. The city of Newport News is not proposing to exempt the plaintiff in error from taxation. On the contrary, the property used in conducting its street railway business is taxed by the city upon the *ad valorem* basis, as it is by the State. The ordinance in question imposes, in addition, a license tax upon the privilege enjoyed of conducting the street-car business." It is further held in that case, that "the license tax required is not unequal taxation, because the ordinance imposing it applies alike to all street railway companies. Uniformity must be such as is compatible with the subject matter, and, as to licenses, the only uniformity required is that the tax shall be the same on all those in the same business." Citing *Commonwealth* v. *Moore,* 25 Gratt. 951, and *Morgan's case,* 98 Va. 812, 35 S. E. 448, where Judge Buchanan, speaking for the court, says: "Attorneys at law, physicians, and others pay license taxes for the privilege of practicing their professions and conducting their business, and taxes are imposed upon the property used by them in carrying on their professions and business."

The Legislature has full power of taxation, subject only to the restraints imposed by the Constitution. By section 4 of Article X. of the Constitution (1869), the General Assembly may levy a tax upon the following licenses: "The sale of ardent spirits, theatrical and circus companies, menageries, jugglers, itinerant peddlers, and all other shows and exhibitions for which an entrance fee is required; commission merchants, persons selling by sample, brokers and pawn-brokers, and all other business which cannot be reached by the *ad valorem* system. The capital invested in all business operations shall be assessed and taxed as other property."

It will be observed that in this section the power to levy a tax upon licenses is permissive; the Legislature may levy such a tax at its discretion, but with respect to the capital invested in the business the language used is mandatory. The Legislature cannot exempt such capital from taxation, and, as a consequence, cannot delegate to any subordinate authority the power to exempt. The Legislature, therefore, has the power to levy a tax upon licenses, where the business cannot be reached by the *ad valorem* system, but is not obliged to do so, and it is no invasion of the requirement that taxation shall be uniform if the license tax is not imposed. It may delegate this power of taxation to a municipality, and, when it has done so, the municipality stands clothed with all the power of taxation which exists in the Legislature. It may, of course, delegate to a municipality such portion of its power as it may deem wise, but unless the power delegated be limited, it will pass to the municipality in its entirety. In the case of the city of Norfolk, we have a municipality clothed with all the power of taxation possessed by the Legislature. That power is exercised by the city of Norfolk to meet the wants of its treasury, and at the same time to promote the welfare of its citizens, and so it is with the State; and in neither case can the absence of power to tax be fairly deduced from the failure to levy a tax upon a particular subject. The State must tax upon the *ad valorem* system all the property used in a manufacturing enterprise, and it may also tax the business of a person or company so engaged. It is required by the Constitution to levy an *ad valorem* tax upon the property, and it is *permitted* by that instrument to levy a tax upon the business. .But in the latter case the exercise of the power is left to the discretion of the Legislature, and its failure to levy such a tax in the particular instance cannot be construed as a denial of its power to tax should it become necessary or proper to do so, nor can it with any greater propriety be construed as a limitation upon the general power of taxation which

embraced the power to levy a tax upon licenses as well as an
*ad valorem* tax, which it delegated to the city of Norfolk.   The
Legislature may, without doubt, at any time, impose such limi-
tation upon the delegated power of taxation as it sees fit; it
may do so by express words of negation, or by necessary impli-
cation in its general revenue laws, or other enactment subse-
quent to the charter, but it is not contended that the express
inhibition is to be found in any existing law, and as repeals
by implication are not favored, it would be necessary to show
that such antagonism exists between the charter and some more
recent act of the Legislature as renders them incapable of re-
maining in force at one and the same time.

An effort was made in this case to show that the act imposing
taxes passed at the session of 1889-90, (Acts 1889-90, pp. 197,
201) did restrict the city of Norfolk in its power of taxation,
and that by force of that act the charter of the city had been so
far affected that it could no longer lawfully levy a tax upon
licenses.   We have examined that act with much care, and we
are unable to assent to the position contended for by the defend-
ant in error; nor do we think that the case of *Thomas* v. *Snead* is
authority in support of the judgment in this case.   The question
there adjudicated is pointed out by Judge Harrison in the case
of *Newport News R. Co.* v. *Newport News, supra.*

The opinion in *Thomas* v. *Snead* does state that "the General
Assembly for State purposes does not impose a license tax upon
the business of manufacturers, but imposes a property tax upon
the capital stock of joint stock companies and the capital of
individuals engaged in such business.   As long as the General
Assembly continues that method of taxation for State purposes
it is a conclusive determination that such business 'can be
reached by the *ad valorem* system, and if it can be and is so
reached by that system for State purposes, it must be so reached
when taxed by municipal corporations, for the Legislature has
no power under the Constitution to impose a license tax, or to

authorize a municipal corporation to do so, upon any business other than those specifically mentioned in section 4 of Article X. of the Constitution, except where it cannot be reached by the *ad valorem* system." We do not think that this statement is in harmony with the decisions of this court in *Norfolk* v. *Norfolk Landmark* and *Newport News R. Co.* v. *City of Newport News, supra,* in both of which cases it was expressly held that the right of the city to levy a tax upon licenses is not affected by the fact that the property used by the company in the conduct of its business is taxed both by the city and State upon the *ad valorem* basis.

It cannot be denied that in the imposition of taxes the State is influenced by considerations of expediency as well as of power, and as questions of policy fluctuate with changing conditions, it should not be inferred from the failure to tax a particular subject, or to tax it in a particular way, that the power to tax does not exist. There is no necessary connection between the power and its exercise, because uncertain and varying factors do or may enter into all schemes of taxation. The needs of the community are greater at some times than at others, and nothing is more unstable than opinions as to the manner in which the burdens of taxation may be laid so as to operate least injuriously upon the citizens, and most beneficially to the treasury. The policy, therefore, of the taxing authority may change from time to time, and modes of taxation will shift with it, but when the question comes before the court it is no longer a question of policy, but of power. What the Legislature may lawfully do, it may do as to it seems best, and when it seems best. Its policy then is an uncertain, its power a certain, quantity; and so with its delegated authority. If it confers the power of taxation upon a municipal corporation, the power so delegated continues until it is recalled, and the mere failure of the Legislature to exercise a part of its power cannot be construed as an impairment or diminution of that which it had lawfully dele-

gated to a subordinate agency of taxation, for the ideas of propriety, expediency, and policy which influence all schemes of taxation may not be identical in the municipal councils and the Legislature of the State.

We think it follows from what has been said, that an ordinance which imposes a tax in a city clothed with full power of taxation stands on the same footing with an act of the Legislature, and the courts, looking alone at the power to tax, will consider the ordinance without reference to the tax imposed by the Legislature. If the Legislature could have imposed the tax, but for reasons satisfactory to itself refrained from doing so, that will not invalidate the ordinance in the absence of the expressed or necessarily implied intention to withdraw the subject from taxation, or to require that it shall be taxed only in a particular mode.

In *Supervisors of Montgomery County* v. *Tallant,* 96 Va. 723, 32 S. E. 479, it was said that for county purposes the supervisors can only levy taxes upon such property as is assessed with State taxes within the county, and that they cannot look beyond the subjects of taxation provided by the Legislature. This statement of the law is indisputable with respect to counties. Now, if it be true that the abstention upon the part of the Legislature from the exercise of its power to levy a tax upon licenses upon a business, and the imposition by it of an *ad valorem* tax upon the capital employed in the business are equivalent to a legislative declaration that such subjects can be reached by an *ad valorem tax,* and operates as a limitation upon the otherwise full power to tax which it had delegated to the city of Norfolk, then the taxing power of the city is reduced in practice to that of the counties, a conclusion at variance with many decisions of this court. *Morgan's case, supra.*

We feel constrained, in order to bring the case of *Thomas* v. *Snead, supra,* into harmony with the preceding and subsequent judgments of this court, to limit the effect of the language

quoted so as to make it conform to the views herein expressed, leaving the authority of that case unimpaired with respect to the power of a city to exempt property from taxation.

For these reasons we are of opinion that the judgment of the Circuit Court should be reversed.

*Reversed.*