# Staunton.

## VIRGINIA WHOLESALE COMPANY, INC:, V. TOWN OF APPALACHIA, ET ALS.

September 22, 1921.

1. TAXATION—*Statutes—Strict Construction.*—The rule of strictissimi juris applies to an original grant of power to tax.

2. MUNICIPAL CORPORATIONS—*Taxation—Power of Towns to Levy Ad Valorem Tax on Capital of Merchants—Acts of 1915, p. 146—"Subject to Local Taxation."*—Inasmuch as the capital of merchants in property not segregated for State taxation, it is still subject to town taxation, if it was subject to that taxation under section 1043, Code of 1904, notwithstanding the amendment of that section by Acts of 1915, p. 146. The words "subject to local taxation" in the act of 1915 were used in the meaning of not segregated for State taxation under the segregation act, and did not indicate that a town must look elsewhere than to section 1043 of the Code of 1904 in order to find the statute law which authorizes the "local taxation" by the town.

3. MUNICIPAL CORPORATIONS—*Taxation—Power of Town to Levy Ad Valorem Tax on Capital of Merchants—Section 1043, Code of 1904.*—Section 1043, Code of 1904, authorized the towns, as well as cities, of the State, to impose "a local property tax" for town purposes on all property, in contemplation of law within the corporate limits, not segregated by the State for State taxation; subject to the last-stated limitation, this statute conferred a general power of taxation on the towns; merchants' capital, not having been segregated by the State for State taxation, is intangible personal property, taxable as such by the towns under such general power of taxation.

4. TAXATION—*Situs—Presumption of Situs.*—In a proceeding by a taxpayer against a town for the refunding of a tax imposed by the town upon the capital of the complainant employed in its business as a merchant in such town, where no question was raised in the appellate court as to the proper situs for taxation of the intangible personal property of the complainant, that situs must be regarded as being under the well-settled rule of law on the subject, within the town, and the property regarded as being within the town limits in contemplation of law.

Error to a judgment of the Circuit Court of Wise county in a proceeding by a taxpayer for refunding of an *ad valorem* tax and penalty. Judgment for the taxpayer. The town assigns error.

*Affirmed.*

This is a proceeding in which the plaintiff in error moved the court below, under section 2389 of the Code of 1919, for relief from the payment, and to require the return and refunding of an *ad valorem* tax and penalty thereon, which tax the town of Appalachia, one of the defendants in error, by a levy ordered by its council, imposed for town purposes upon the capital of the plaintiff in error employed in its business as a merchant in such town on the 1st day of February, 1919 (which tax and the penalty thereon aggregated the sum of $1,634.59 and was paid under protest), on the ground that the town was without authority to impose such tax.

The court below by its order which is under review declined to grant the relief sought, the effect of which was to hold that the town was authorized by law to make such levy and collection, and that the same was valid.

*Bullitt & Chalkley,* for the plaintiff in error.

*Morton & Parker,* for the defendants in error.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court:

The case turns upon the decision of the following question, namely:

1. Did section 1043 of the Code as amended and re-enacted by Acts 1915, pp. 146-7, delegate to the towns of the State the power to impose an *ad valorem* town tax on the capital of merchants employed in business in the towns?

This question must be answered in the affirmative.

[1] The question is one of original grant of power to tax, "to which the rule *strictissimi juris* applies," as is said in the opinion of this court delivered by Judge Kelly on the rehearing of *Richmond* v. *Drewry-Hughes Co.*, 122 Va. 178 at p. 194, 90 S. E. 635, 94 S. E. 989. We look, then, to see if section 1043 aforesaid plainly conferred the power in question.

[2] This section as it stood prior to the enactment of the segregation act in 1915, so far as material, read as follows: "The council of every *city or town* shall * * * order a *city or town* levy of so much as in their opinion is necessary to be raised in that way in addition to what may be received for licenses and from other sources. The levy so ordered may be * * * *upon any property* therein, and on such other *subjects* as may at any time be assessed with State taxes against persons residing therein." (Italics supplied.)

The section as amended and re-enacted by Acts 1915, pp. 146-7, reads as follows: "The council of every city or town shall * * * order a city or town levy of so much as in their opinion is necessary to be raised in that way in addition to what may be received for licenses and from other sources. The levy so ordered may be * * * upon any property therein *subject to local taxation and not expressly segregated to the State for purposes of State taxation only,* and on such other subjects as may at any time be assessed with State taxes against persons residing therein; * * *." (Italics supplied.)

The italicized language next above is the only new language in the statute. In the petition and brief for the plaintiff in error much significance is attached to the language "property therein *subject to local taxation,*" and it is urged that this indicates that the town must look elsewhere than to section 1043 in order to find the statute law which

authorizes the "local taxation" by the town. But when we look to the segregation act passed by the same legislature which amended and re-enacted said section 1043 and used the new language aforesaid, we see at once that the new language "subject to local taxation" was added to the statute (sec. 1043), merely in order to restrict the otherwise broad meaning, that the city or town levy was authorized to be made on *all* "property therein," to the meaning that the city or town levy was authorized to be made on *such* "property therein" as is subject to local taxation," *i. e.,* as is not segregated for State taxation under the segregation act. Hence it is plain that inasmuch as the capital of merchants is such property as has not been segregated for State taxation, it is still subject to town taxation, if it was subject to that taxation as the statute (sec. 1043) stood before 1915; for in the segregation act (Acts 1915 C-63) it is expressly provided as follows: "The capital of merchants shall not be subject to State taxation, but may be taxed locally as prescribed by law."

The subject under consideration then comes to the precise question of whether section 1043 aforesaid, as it stood prior to the enactment of the segregation act in 1915, authorized the town tax in question,—was that tax therein and thereby "prescribed by law"?

It is admitted in the argument for the plaintiff in error that the legislature has conferred upon cities and counties the authority to impose both a license tax upon merchants and an *ad valorem* tax upon their capital employed in business, and that the same authority might have been conferred by the legislature on towns; but it is urged with ability and force that there are cogent reasons why such authority should have been conferred on cities and counties and yet have been withheld from towns. And it is argued that it is at least left in doubt whether such authority has been conferred upon towns, because, it is urged, as

appears from *City of Norfolk* v. *Griffith-Powell Co.*, 102
Va. 115, 45 S. E. 889, and *Richmond* v. *Drewry-Hughes
Co.*, *supra*, 122 Va. 178, 90 S. E. 635, 94 S. E. 989,
the source of the authority of the cities of the State for
their general power of taxation is found in their char-
ters. But this argument overlooks the holding in the lat-
ter case that such source of authority is found in section
1043 aforesaid, as well as in the charters of the cities. It is
there said that the statutory provisions conferring the au-
thority "authorizing a tax on merchants' capital at such
rate as the * * * city authorities deem necessary and
proper * * * are found in section 69 of the charter of the
city of Richmond (under which the tax here in question was
levied), *and in sections* * * * 1043 *of the Code* * * *,"
etc. (Italics supplied.) See *Richmond* v. *Drewry-Hughes
Co.*, 122 Va. at p. 187, 90 S. E. 635, 94 S. E. 989. And a
reading of section 1043 aforesaid demonstrates that what-
ever authority is thereby conferred on cities is also con-
ferred upon towns.

It is true that the *Drewry-Hughes Company Case* held, as
urged for the plaintiff in error, that the capital of mer-
chants is not within the class of property which is em-
braced in schedule C of the tax bill. But such case does
not hold, as is contended in argument for plaintiff in error,
that such capital is not "property" within the meaning of
section 1043 aforesaid. On the contrary, the following is
expressly stated and held in the opinion in that case on
the rehearing: "It is conceded that the capital of merchants
is 'intangible personal property' within the meaning of the
tax laws. * * * Such capital is excepted from taxation
by the State in the ordinary sense (that is, upon an *ad
valorem* basis), and is, therefore, not within the class of
intangibles segregated for State taxation, but is subject to
be taxed locally 'as prescribed by law.' The ultimate and
decisive question, therefore, is: What is meant by the

phrase, 'as prescribed by law'? Does it mean the prescribed rate  *  *  *  mentioned in the segregation act, or does it mean that the local taxation of merchants' capital is to be controlled by other statutory provisions outside of the terms of that act? We feel constrained  *  *  * to adopt the latter view.  *  *  *

"Statutory provisions outside the segregation act, contemplating and authorizing a tax on merchants' capital at such rate as the  *  *  *  city authorities deem necessary and proper, and thus responding to the expression 'as prescribed by law' are found in section 69 of the charter of the city of Richmond (under which the tax here in question was levied) and in sections  *  *  *  1043 of the Code  *  *  *" etc. "The purpose of the General Assembly seems to have been to leave merchants' capital to be taxed by localities practically as it had been prior to the passage of the segregation act.  *  *  *"

And it is also stated, further on in the same opinion, with specific reference to schedule C: "We hold that merchants' capital is not embraced in the classification of that section, but remains where it has practically always been, in a class by itself, subject to a license tax by the State, but liable to a local property tax."

It is true that the authority of towns to impose the tax in question was not directly involved in the *Drewry-Hughes Co. Case,* and we have not regarded what is there said as conclusive of the question presented in the case now before us, and we have considered such question with an open mind; but, in view of what is there said in reference to the authority conferred on cities by section 1043 aforesaid, that decision certainly cannot be regarded as holding that merchants' capital is not "property" within the meaning of such section.

[3, 4] Coming back again, then, to the consideration of section 1043 in question, it seems to us plain that it author-

ized the towns, as well as the cities, of the State, to impose "a local property tax" for town purposes on all property, in contemplation of law within the corporate limits, not segregated by the State for State taxation; that, subject to the last stated limitation, this statute conferred a general power of taxation on the towns; that merchants' capital not having been segregated by the State for State taxation is intangible personal property taxable as such by the towns under such general power of taxation; that, no question being raised before us as to the proper *situs* for taxation of the intangible personal property of the plaintiff in error, we must regard that *situs* as being, under the well settled rule of law on the subject, within the town of Appalachia, and, hence, we must regard such property as being within such town limits in contemplation of law; and, therefore, we are of opinion that there was no error in the order of the court below under review, and it will be affirmed.

*Affirmed.*