C. ARNOLD, Executor of the Estate of ROSINA ARNOLD, Appellant, v. THE CITY OF FORT DODGE, IOWA et al.

**Publishing of Paying Notice:** PRESUMPTIONS. Where plaintiff admitted that a notice for a street improvement was published in two city papers, and there was no evidence that it did not appear for the requisite number of days, the court will presume that it was published for the required time.

SUFFICIENCY OF NOTICE. Under Acts Twenty-third General Assembly, chapter 14, section 3, as amended by Acts Twenty-fourth General Assembly, chapter 12, requiring cities to publish a notice of any public improvement for not less than ten days in two newspapers of said city stating the "extent of the work" and "the kind of material to be used," etc., a notice of a proposed improvement to curb and gutter a street, which stated that bids would be received to curb and gutter both sides of Market street, from Second street to Division street, except where the same is already curbed and guttered, and that the work must be done in accordance with plans and specifications on file in the city clerk's office was sufficient to satisfy the requirements of the statute in a case where neither a fraud, lack of competition or excessive cost is charged.

NOTICE BY GENERAL ORDINANCE. Where a general city ordinance provided that the cost of street improvements should be assessed against the abutting property, an objection by the plaintiff that she had no notice that the cost of guttering and curbing the street in front of her lots was to be assessed against them was unavailable.

OPPORTUNITY TO RESIST ASSESSMENT. Where a resolution passed by the city council ordering an assessment to curb and gutter a street in front of plaintiff's lots, and a schedule describing the lots, and the amount assessed against each, and a certificate of the city engineer as to the correctness of the schedule, and a notice fixing the date on which the city council would hear

grievances and make all equitable corrections, were all published as required by law, and the plaintiff saw these notices before the date set by the council to hear grievances, an objection that she had no opportunity to be heard in opposition to the assessment was untenable.

DEPARTURE FROM PAVING SPECIFICATIONS: *Estoppel.* Where the material and work used in guttering and curbing a street were in substantial compliance with the contract, and the plaintiff's husband as her agent, was frequently present as the work progressed, and the only change he suggested was made, plaintiff was estopped from questioning the validity of her assessment on the ground that the work was not done in accordance with the specifications.

*Appeal from Webster District Court.*—HON. D. R. HINDMAN, Judge.

SATURDAY, APRIL 14, 1900.

ACTION to restrain the collection of a special assessment for guttering and curbing in front of plaintiff's lots. Judgment for defendants. Plaintiff appeals.—*Affirmed.*

*Frank Farrel* for appellant.

*M. J. Mitchell* for appellees.

SHERWIN, J.—In August, 1892, the city of Ft. Dodge contracted for, and soon thereafter constructed, a gutter and curb along certain streets upon which the plaintiff's land abutted, and assessed thereto a share of the cost of such gutter and curb. The plaintiff seeks to enjoin the collection of this special tax on several grounds, which we will now notice.

It is urged that the notice inviting bids for the work is not such as the law required. On this subject the language of the petition is as follows: "That the city council of Ft. Dodge, defendant herein, did not give notice by publication in two newspapers in said city, for a period of ten days, stating the extent of the work to be done and the material to be used, as required by law."

At the time the contract was let, and at the time the work was done thereunder and the assessments made, chapter 14, Acts of the Twenty-third General Assembly, was in force, and, as amended by chapter 12 of the Acts of the Twenty-fourth General Assembly, applying it to cities of over 4,000 population, was the law under which the city of Ft. Dodge acted in the matter in question. So much of section 3 of said chapter as is necessary to present the point in controversy is as follows: "After public notice for not less than 10 days in, at least, two newspapers of said city, which notice shall state as nearly as practicable the extent of the work; the kind of material to be furnished; when the work shall be done; and at what time the proposals shall be acted upon." It is well to notice in this connection that the only complaint the petition makes is as to the length of time the notice was published, and as to its failure to state the extent of the work and the material to be used. The notice given is as follows: "Notice to Contractors. Notice is hereby given that the city council of Ft. Dodge, Iowa, will receive sealed proposals to curb and gutter both sides of Market street, between Second street and Division street, except where already curbed and guttered. Said proposal must be to furnish all stone, brick, and other material, and do all the work to make said curbing and guttering complete in accordance with the plans and specifications for the same now on file, and which may be examined in the office of the city clerk (opposite post office). Bids will be received until 2 p. m., Monday, Aug. 1, 1892. The city reserves the right to reject any and all bids. By order of the committee. D. A. Weller, City Clerk." It is admitted that this notice was published in two daily papers in Ft. Dodge, but whether for the requisite ten days or not does not certainly appear. There is no evidence that it was not so published; hence the presumption of the law is that it was, and we must so hold. In *Jenney v. City of Des Moines,* 103 Iowa, 347, it is said: "Now, by the very terms of the

printed advertisements inviting bids, the plans and specifica-
tions,   *   *   *   were made a part of the said proposal, a
fair construction of the statute   *   *   *   would not require
the advertisement to contain in detail the number of pounds
of iron or other material to be used in the structure.
If, from the advertisement, and the plans and speci-
fications, which were a part of the proposal, and
which were on file in the office of the board, and open to
the inspection of all persons, the amount and different kinds
of material appeared, or if, from what did appear in said
plans and specifications, the amount and different kinds of
material might be determined beyond question by mere com-
putation, then the spirit and intent of the law   *   *   *
were complied with." In the case at bar the plans and
specifications were on file, as stated in the notice, and it is
not claimed they were not full and complete, and did not
furnish all the information required for competitive bids.
This case is, therefore, clearly within the rule announced in
*Jenney v. City of Des Moines,* and is governed thereby. And
this, we think, applies as well to the extent of the work as
to the material used. Contractors could as readily deter-
mine the one as the other from the information contained in
the notice and specifications. No claim is made of fraud,
or of lack of competition for this work, nor of excessive cost.

Plaintiff further contends that no notice was given her
that the cost of the guttering and curbing in question would
be assessed against her property, and that she had no oppor-
tunity to be heard in opposition thereto. There was
in force at the time a general ordinance of the city
providing for the general improvement of streets,
and the assessment of the cost thereof to the abutting prop-
erty. This was Revised Ordiance No. 44. On the sixth day
of July, 1892, a resolution was duly adopted by the city
council, and recorded, providing for the particular improve-
ment under consideration. On the fourteenth day of August,
1893, the following resolution was adopted by the city

council: "Be it resolved by the city council of the city of Ft. Dodge, Iowa, that there is hereby ordered an assessment on all lots or parcels of ground as herein following described of the amount set opposite to each said lot or parcel of land as by law and Ordinance No. 44 of the ordinances of Ft. Dodge, Iowa, providing for the levy of special assessments for curbing and guttering. D. A. Weller, City Clerk." Following this resolution was a description of the plaintiff's property, and the amounts in detail with which it was proposed to charge it. To this was attached a certificate in the following form: "I hereby certify that the above is a true statement of the amount of curbstone and gutter pavement and amount of assessment against each property owner, based upon the price of one dollar and sixty-nine cents per foot, and the various incidental expenses connected with the construction, as per order of special committee. F. L. Easley, City Engineer." Following the resolution, schedule, and certificate of the city engineer was this notice: "Notice. All persons liable under the above assessment are hereby notified that they must pay the amount assessed on them or their lot or parcels of ground therein described to the city treasurer on or before the 15th day of September, 1893, and all assessments, as above described, not paid before the 15th day of October, 1893, will be certified to the county auditor to be placed upon the tax list, and collected in the same manner as other city taxes. You are also notified that the city council will meet in regular session on the 25th day of August, 1893, at 8 o'clock P. M., at the council rooms, to hear any and all grievances and make all equitable corrections that may be brought to their notice. Beth Vincent, City Treasurer, by D. A. Weller, City Clerk." Appellant concedes that the resolution, schedule, certificate, and notice were published in two daily papers, but not for the full ten days required by the statute. There is, however, evidence tending to prove that the notice was published the full period required. We also think the evidence fairly supports the

conclusion that a plat, made in substantial compliance with
the law, was filed long before August 14, 1893. Hence we
think the objection to the notice on these two grounds is not
sustained. It is true, the notice itself is not as formal and
specific as required in respect to the filing of written objec-
tions with the city clerk before its next meeting, but it does
fix the time at which the council will meet to hear the objec-
tions in person, and to make "all equitable corrections that
may be brought to their notice." The appellant is charged
with knowledge of the law giving her right to file written
objections, if she so desired. In addition to this right, she
was also given the privilege of appearing before the council
in person to present her "grievances," if any she had. The
assessment was clearly not final when the action of August
14, 1893, was taken, because the council therein recognized
the right of property owners to appear and be heard before
the charge on the property should become absolute, and, in
effect, so stated in the notice; and plaintiff does not claim
that she was misled thereby. Her only claim is "that she
was at no time given an opportunity to be heard in
opposition to such assessment." Furthermore, it is
almost conclusively shown that she knew from the
inception of the work that the cost thereof was to be charged
to the abutting property. She saw, also, the published reso-
lution, schedule, certificate, and notice before the council
meeting of August 25, 1893, and knew that she could then
and there be heard. She then had the notice and the oppor-
tunity to be heard before the assessment attached and be-
came a lien upon her property, and this is all the law re-
quires. *Gatch v. City of Des Moines,* 63 Iowa, 718; *Ford
v. Town of North Des Moines,* 80 Iowa, 626; *Trustees of
Griswold College v. City of Davenport,* 65 Iowa, 635.

The plaintiff further contends that the assessment is
invalid because the work of guttering and curbing was not
done in accordance with the ordinance and the specifications
providing therefor, and because of a change of grade in the

street, which damaged her property. The evidence shows that the material and work were in substantial compliance with the contract, and were accepted and paid for by the city. When the improvement was begun, there had been no grade established on the street, but by ordinance regularly passed it was established before the work was completed. The plaintiff herein was the agent of his wife, the owner of the lots. He was present frequently during the progress of the work, and at one time made complaint that the grade was too low in front of her property. It was then changed, and made to comply with his wishes, and no further complaint was made. Under these circumstances we think the plaintiff is estopped from now making this defense, if, indeed, it can be interposed at all against the validity of the assessment. *Pratt v. Railway Co.,* 72 Iowa, 247; *Preston v. City of Cedar Rapids,* 95 Iowa, 71. The judgment of the district court is AFFIRMED.