ANACONDA COPPER MINING CO., APPELLANT, *v.* RAVALLI COUNTY ET AL., RESPONDENTS.

(No. 3,668.)

(Submitted May 16, 1916. Decided June 7, 1916.)

[158 Pac. 682.]

*Taxation—Real Property—Mineral and Other Reservations—Double Taxation—Presumptions.*

Taxation—Real Property—Mineral and Other Reservations.
    1.  Where lands are sold with reservations in the grantor of the minerals therein and the right to mine the same, as well of a right of way over them for mining purposes and for the removal of timber from adjoining lands, such reservations constitute property subject to taxation.
Same—Double Taxation.
    2.  Where an assessor listed for taxation lands with the reservations of minerals, mining rights, *etc.*, to the grantee for the full cash value, *etc.*, and, at the same time, assessed the grantor's reservations at a certain amount per acre, there was a case of double taxation of the same property.
Same—Double Taxation—Who may Complain.
    3.  The only person who can complain of a double assessment is the one who is made to bear more than his proportion of the burden of

taxation; therefore the former owner of the lands mentioned above, to whom the mineral and other reservations were properly assessed, was not in a position to complain of taxes unjustly exacted from his grantees on property belonging to it.

[As to classification of property for purposes of taxation, see note in 62 Am. St. Rep. 175.]

Same—Payment by Other Than Owner—Effect.

4.    Before payment of A's taxes by B acts as a full discharge of B's obligation, it must have been made under such circumstances that it cannot be recovered back.

Same—Validity—Presumptions.

5.    Every presumption favors the validity of a tax collected from an owner of property, and before he can escape his full part of the burden imposed for state and local purposes, he must present facts disclosing that the taxes had been paid and the lien fully discharged.

*Appeal from District Court, Ravalli County; R. Lee McCulloch, Judge.*

ACTION by the Anaconda Copper Mining Company against Ravalli County, and H. L. Hart, County Treasurer. Judgment for defendants, new trial denied and plaintiff appeals. Affirmed.

*Mr. Elmer E. Hershey*, for Appellant, submitted a brief and argued the cause orally.

The listing of a portion of the lands in question as mineral and mineral rights was a reassessment of part of the same lands, and to this extent was a double tax, and therefore illegal and void. In *Spring Valley Water Co.* v. *Alameda County*, 24 Cal. App. 278, 141 Pac. 38, the assessor of Alameda county, California, was dealing with "riparian water rights," instead of "mineral rights" which were claimed by the plaintiff in that case separate and apart from the lands itself, as in the case under consideration the minerals are claimed separate and apart from the land in question. In that case it was said: "Double taxation does not necessarily consist in assessing the same property twice to the same person, but may consist in requiring a double contribution to the same tax on account of the same property, though the assessments are to different persons." (See, also, Cooley on Taxation, 2d ed., 225; *San Francisco* v. *Fry*, 63 Cal. 470, 472; *Germania Trust Co.* v. *City of San Francisco*, 128 Cal. 589, 61 Pac. 178.)

*Mr. J. B. Poindexter,* Attorney General, and *Mr. Wm. H. Poorman,* Assistant Attorney General, for Respondents.

An assessment which read "coal and other minerals" was held sufficient to charge the estate in land with the assessment, which estate was created by the conveyance of the mineral rights. (*Board of Commissioners* v. *Lattas Creek Coal Co.,* 179 Ind. 212, 100 N. E. 561.) And "such estate is as much of an estate as was the surface estate after the separation by this deed." (*Gordon* v. *Million,* 248 Mo. 155, 154 S. W. 99, 101; *State* v. *Downman* (Tex. Civ.), 134 S. W. 787; *Benavides* v. *Hunt,* 79 Tex. 383, 389, 15 S. W. 396.)

As was stated in the case hereafter cited, it is not here contended by the respondent that the county is vested with authority to "assess coal and other minerals as such 'as it lies impacted between the stratas of stone, slate or clay in the state of nature,'" for in its natural state, coal and other mineral will pass with a conveyance of the land as a part of the real property. We maintain that by reason and virtue of the exception and reservation contained in the deed, an actual freehold estate of inheritance in the land—in the real property itself—remains vested in the appellant, and that as such estate, it is subject to assessment and taxation. (*Northern Pac. R. Co.* v. *Mjelde,* 48 Mont. 287, 137 Pac. 386.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Prior to 1913 the Anaconda Copper Mining Company had owned certain lands in Ravalli county which it had sold, reserving to itself the minerals and the right to mine the same; also a right of way over the land, or any part, for mining purposes or for removing timber from adjoining lands. In 1913 the assessor listed these lands, with the reservations, for purposes of assessment and taxation to the grantees of the company for the full cash value, and at the same time assessed the reservations to the company at $5 per acre. An effort to have this latter assessment canceled was unsuccessful, the taxes thereon

were paid under protest, and this action brought to recover back the amount. The cause was submitted upon the pleadings, amended somewhat by an agreement as to the facts, and from a judgment for defendants and from an order refusing a new trial, plaintiff appealed.

It is settled by the Constitution and statutes of this state and [1] decision of this court that the reservations mentioned constitute property which is subject to taxation. (Const., Art. XII, secs. 16, 17; Rev. Codes, secs. 2498, 2501; *Northern Pac. R. Co.* v. *Mjelde,* 48 Mont. 287, 137 Pac. 386.)

We agree with appellant that the record presents a case of [2, 3] double taxation of the same property, but we agree likewise with the learned trial court that the real question for determination is: Who may complain of a double assessment where the same property is listed to two different persons?

Any objection which might have been urged against the valuation placed upon these reservations was waived, and the record presents these facts: Plaintiff owned the reservations; they constituted property subject to taxation; that property was correctly assessed to its owner, and the tax levy was in all respects lawful; but it is insisted that plaintiff should not have been compelled to pay the tax because the same property was assessed to plaintiff's grantees and the tax thereon paid by them. It is the duty of the assessor to ''ascertain the names of all taxable inhabitants, and all property in his county subject to taxation, except such as is required to be assessed by the state board of equalization, and must assess such property to the persons by whom it was owned or claimed or in whose possession or control it was at 12 o'clock M., of the first Monday of March next preceding.'' (Sec. 2510, Rev. Codes.) So far as plaintiff's interest in these lands was concerned, the assessor complied literally with the commandments of the Constitution and laws of this state. The county clerk discharged his duty in extending the tax levied for state, county and local purposes, and the treasurer performed his duty in collecting the tax from this plaintiff. It is the policy of the law that there shall not be

double taxation of any property; but the law likewise takes cognizance of the fallibility of revenue officers, and undertakes to fortify against any serious consequences arising from errors committed in the assessment of property. Section 2510, above, provides that a mistake in the name of the owner of real property shall not invalidate an assessment otherwise valid. Section 2670 provides: ''When the treasurer discovers that any property has been assessed more than once for the same year, he must collect only the tax justly due, and make return of the facts, under affidavit, to the county clerk.'' Section 2669 provides that any taxes paid more than once, or erroneously or illegally collected, may be refunded; but these provisions and others of like import are intended to secure the collection of lawful revenue and to protect the owner whose property is made to bear more than its just proportion of the burden of taxation, and were not enacted to secure immunity from taxation to any one. There are circumstances under which the payment of A's [4] taxes by B will fully discharge the obligation, but every such payment will not have that effect. To be effective, the payment must have been made under such circumstances that it cannot be recovered back. Every presumption favors the validity of [5] the tax collected from plaintiff, and before it can escape its just proportion of the burden imposed for state and local purposes, it must present the facts which disclose that the tax has been paid and the lien fully discharged, and in this it failed. Under section 2550, Revised Codes, plaintiff was entitled as of right to have its name inserted upon the assessment-roll with each of its grantees, and to have the reservation in every instance assessed to it and not to its grantee, but the record fails to disclose any request of this character. The only person who can complain of a double assessment is the one who is made to bear more than his proportion of the burden of taxation.

Whatever cause for complaint plaintiff's grantees have, plaintiff has none. The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.