## NEWMAN et al. v. WARNER-QUINLAN ASPHALT CO. et al.

No. 9626—Opinion Filed Dec. 31, 1918.

(177 Pac. 375.)

(Syllabus.)

1. **Municipal Corporations — Street Improvements — Assessments — Regularity —Presumption.**

Proceedings of a municipal corporation ordering street improvements and making assessments to pay for same are presumed to be regular, and the burden is upon the one attacking the legality of such assessments to show irregularity in such proceedings.

2. **Same—Benefits—Conclusiveness of Determination.**

Whether lots abutting on a street improvement are benefited to the amount of the assessment levied against such lots is a legislative question, and, having been determined by the legislative power of the city in regular proceedings. is conclusive in an action to enjoin the collection of the assessments on the ground that the cost exceeds the benefits.

Error from District Court, Garfield County; J. C. Robberts, Judge.

Action for injunction by E. E. Newman and others against Warner-Quinlan Asphalt Company and others. Judgment for defendants, denying the injunction, and plaintiffs bring error. Affirmed.

John C. Moore, for plaintiffs in error.

McKeever & Moore, for defendants in error.

OWEN, J. This action was instituted by plaintiffs in error, in the district court of Garfield county, to enjoin the collection of certain paving assessments in the city of Enid. Judgment was for the defendants denying the injunction.

Two reasons are urged for reversing the judgment of the court below: First, that proof of the publication of the initial resolution for paying was insufficient, in failing to show that it was published in a newspaper of general circulation in the city of Enid, and which paper had been published for 52 consecutive weeks; second, that the court erred in not permitting the plaintiffs to prove that the assessment against the lots was out of proportion to the benefits received.

It was admitted that the initial resolution was published in the Enid Daily Eagle. The burden was upon the plaintiffs to establish the insufficiency of the publication. The only proof offered by plaintiffs was the affidavit of publication made by the publisher and filed with the city authorities as part of the improvement proceedings, and which in substance, stated the initial resolution was published in the Enid Daily Eagle, a daily newspaper published at Enid, in Garfield county, Oklahoma, and of general circulation in the county and state, and that the notice was published in the regular edition for 6 consecutive issues, naming the dates of publication. This affidavit did not state that the paper had been published for 52 consecutive weeks.

Counsel urge that the failure to make such statement was equivalent to a positive statement that it had not been published for that period, as the statute requires. We do not agree with this construction. The proceedings of the city authorities, making street improvements and assessing and levying taxes to pay for same, are presumed to be regular, and the introduction of this affidavit failed to meet the burden upon the plaintiffs, attacking the regularity of the assessment. This question was presented in the case of Rawlins et al. v. Warner-Quinlan Asphalt Co. et al., 71 Okla. 309, 174 Pac. 526, and decided against this contention, following the cases of Berry v. City of Stillwater, 49 Okla. 560, 153 Pac. 870, and Board of County Com'rs v. Field, 63 Okla. 80, 162 Pac. 733. To the same effect is the case of Arnold v. City of Ft. Dodge, 111 Iowa, 152, 82 N. W. 495.

The question presented under the second proposition urged by plaintiffs in error was also presented in Rawlins v. Warner-Quinlan

Asphalt Co., supra, and decided against that contention, following the cases of Okla. Ry. Co. v. Severns Pav. Co., 67 Okla. 206, 170 Pac. 216; City of Chickasha v. O'Brien, 58 Okla. 46, 159 Pac. 282; Alley v. City of Muskogee, 53 Okla. 230, 156 Pac. 315; M., K. & T. Ry. Co. v. City of Tulsa, 45 Okla 382, 145 Pac. 398.

Adhering to the rule announced in these cases, the judgment of the lower court is affirmed.

All the Justices concur.