### Richmond.

## COMMONWEALTH V. HUTZLER

### January 16, 1919.

1. TAXATION—*License and Ad Valorem Tax on Same Property.*— The legislature has the power to impose both a license tax upon a trade or business and a property or *ad valorem* tax upon the capital employed therein.

2. TAXATION—*Construction of Statutes Against Commonwealth.*— It is well settled and familiar law that statutes imposing taxes are to be construed most strongly against the government, and in favor of the citizen, and are not to be extended by implication beyond the clear import of the language used. Whenever there is a just doubt, that doubt should absolve the tax payer from his burden.

3. TAXATION—*Double Taxation—Private Bank.*—The license tax imposed on private bankers by section 78 of the tax bill, specifically and exclusively measured *"on the capital,"* must be regarded not merely as a privilege tax but as a charge upon the capital itself, and an additional assessment under section 8 of schedule C, being upon "capital otherwise taxed," is plainly unlawful.

Error to an order of the Hustings Court of city of Richmond, in a proceeding to correct an erroneous assessment. The order relieved the applicant from payment of an *ad valorem* tax, and the Commonwealth assigned error.

*Affirmed.*

The opinion states the case.

*John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General,* and *O. L. Shewmake,* for the Commonwealth.

*George Bryan* and *Hill Montague,* for the defendant in error.

KELLY, J., delivered the opinion of the court.

Henry S. Hutzler, doing business as a private banker under the name of Henry S. Hutzler & Company, was assessed with and paid for the year 1915, a State license tax measured by the capital employed in his banking business, pursuant to the provisions of sections 77 and 78 of the statute commonly known as the tax bill. For the same year he was assessed with an *ad valorem* State tax on such capital under section 8 of the tax bill (Laws [Ex. Sess.] 1902-3-4, C 148 [Code 1904, p. 2232]) as amended by the act of March 17, 1915 (Acts [Ex. Sess.] 1915, pages 160, 161). This proceeding involves the validity of the latter assessment. The hustings court, upon Hutzler's application for relief, being of opinion that the assessment was erroneous, entered an order exonerating him from the payment of the *ad valorem* tax, and to that order this writ of error was awarded.

[1] It is not denied that the leislature has the power to impose both a license tax upon a trade or business and a property or *ad valorem* tax upon the capital employed therein. *Morgan's Case,* 98 Va. 812, 814, 35 S. E. 448; *Newport News, etc., R. Co.* v. *Newport News,* 100 Va. 157, 161, 40 S. E., 645.

Has the legislature exercised that power with reference to the business of private bankers; or has it, pursuant to the authority under section 170 of the Constitution, elected to impose on that business a license tax in lieu of any attempt to reach it by the *ad valorem* system?

Sub-section 4 of section 8 of the tax bill (Acts 1915, page 161) directs that "all capital of individuals invested or employed in any trade or business not otherwise taxed," shall be subject to a property tax; and this statute, as well

as section 489 of the Code as amended (Acts 1915, page 225) defines the word capital, and directs that property embraced within that definition "shall not be taxed otherwise than as capital."

The tax bill in section 77 defines the business of a private banker and forbids the conduct of such business without a license. It then proceeds, in section 78, to impose a license tax in the following language: "A private banker shall pay fifty dollars on a capital of five thousand dollars or under; one hundred dollars on a capital exceeding five thousand dollars and not exceeding ten thousand dollars; one hundred and fifty dollars on a capital from ten to twenty thousand dollars; two hundred and fifty dollars on a capital of over twenty thousand dollars and not exceeding thirty thousand dollars, and an additional sum of five dollars per thousand on every thousand dollars in excess of thirty thousand."

The discussion of this case, orally and in the briefs, has taken a rather wide range, but, as we see it, the single and narrow inquiry, to be determined upon a view of the foregoing provisions, is, did the legislature intend by section 78 of the tax bill to impose a tax *on the capital* of private bankers? If so, the judgment complained of was plainly right.

[2] It is well settled and familiar law that statutes imposing taxes are to be construed most strongly against the government, and in favor of the citizen, and are not to be extended by implication beyond the clear import of the language used. Whenever there is a just doubt "that doubt should absolve the tax payer from his burden." *Supervisors* v. *Tallant,* 96 Va. 723, 726, 32 S. E. 479; *Treat* v. *White,* 181 U. S. 264, 21 Sup. Ct. 611, 45 L. Ed. 853.

[3] In the light of this principle of construction, and in view of the care with which the legislature has excluded from the provisions of Schedule C "capital otherwise taxed,"

and has declared that capital shall not be taxed at all except as capital, we are constrained to conclude that the very substantial license tax imposed on private bankers by section 78 of the tax bill, specifically and exclusively measured *"on the capital,"* must be regarded not merely as a privilege tax but as a charge upon the capital itself. If this be true, the additional assessment under section 8 of schedule C, being upon "capital otherwise taxed," was plainly unlawful and defendant in error was properly exonerated from its payment.

It may be that the question is not entirely free from doubt; but if it was the purpose of the General Assembly to do what the Commonwealth contends it has done with reference to taxing private bankers, that intention could and should have been much more clearly expressed.

The judgment is affirmed.

*Affirmed.*