## Wytheville.

## COMMONWEALTH V. HERBERT AND HERBERT, TRUSTEES, AND OTHERS.

### June 10, 1920.

1. SUCCESSION TAXES—*Proceedings to Correct an Erroneous Assessment—Section 567 of the Code of 1904—Acts 1918,. p. 416.*— Section 567 of the Code of 1904 conferred no jurisdiction upon the Circuit Court of Loudoun county to entertain a petition for the correction of an illegal assessment of an inheritance tax. But by Acts 1918, p. 416, the Virginia inheritance tax statute was so amended as to confer upon the Circuit Court of Loudoun county jurisdiction to hear and determine an application for erroneous assessment of an inheritance tax upon much the same procedure as that which is provided for in section 567 of the Code of 1904.

2. SUCCESSION TAXES—*Proceedings to Correct an Erroneous Assessment—Section 567 of the Code of 1904—Acts 1918, p. 416.— Appearance of Commonwealth as Waiver of Objections to Procedure.*—In the instant case the procedure to correct an erroneous assessment of an inheritance tax was substantially that which was provided for by Acts of 1918, p. 416, which was in force when the petition in the case was presented and heard, and the general appearance of the Commonwealth without objecting to the form of the procedure amounted to a waiver of any right to raise such objection in the Supreme Court of Appeals. The Circuit Court of Loudoun county had jurisdiction of the subject matter and of the parties, and the Commonwealth, having appeared and failed to raise the question in the lower court, cannot raise it in the Supreme Court of Appeals for the first time.

3. SUCCESSION TAXES—*Contingent Remainders—Acts 1916, p. 812.*— The act of March 26, 1916 (Acts 1916, p. 812), does not apply to contingent remainders created under the will of a testator whose death occurred before the act was passed, the remainders not vesting until after the act took effect.

4. SUCCESSION TAXES—*Contingent Remainders—Succession Tax Not a Property Tax.*—The authorities are not in harmony as to the constitutional power of the legislature to pass a statute impos-

ing an inheritance tax on estates in remainder, even though contingent, which have been created by the will of a testator dying before the statute is passed. The better doctrine would seem to be that such power does exist. The tax is not a property tax, but a transmission or succession tax, and there does not appear to be any good reason why the State may not impose such a tax at any time before the property passing under the will of the decedent is actually received, provided the intent to do so is clearly expressed.

**5.** SUCCESSION TAXES—*Retroactive Effect.*—Inheritance tax laws, like other tax laws, are prospective in operation unless expressly made retroactive, and apply only to the estates of decedents who have died since their enactment, although passed before distribution, and although the will is filed and probated after the passage of the statute.

**6.** TAXATION—*Construction of Statutes.*—No tax shall be exacted from the citizens of the Commonwealth except in those cases which are clearly embraced within the taxing statute.

Error to a judgment of the Circuit Court of Loudoun county, on a motion to correct an erroneous assessment of an inheritance tax. Judgment for petitioners. Commonwealth assigns error.

*Affirmed.*

The opinion states the case.

*E. Warren Wall,* for the Commonwealth.

*J. K. M. Norton* and *H. Rozier Dulany, Jr.,* for the defendants in error.

KELLY, P., delivered the opinion of the court.

Henry Grafton Dulany died in 1890 leaving a will whereby, after making sundry other testamentary provisions, he devised and bequeathed all the residue, constituting the greater part, of a large personal and real estate, to trustees, upon such terms and limitations that in 1917,

twenty-seven years after the will was probated, two of his sisters and two of his nieces, who had theretofore only a contingent interest, succeeded to the entire residuum in fee simple by virtue of an executory limitation operating as a contingent remainder. In the meantime, the estate had been held and administered, under very large powers, by the trustees, and the income therefrom appropriated to the discharge of certain annuities and the maintenance of certain life estates expressly provided for in the will.

On the 9th of February, 1918, the clerk of the Circuit Court of the county of Loudoun (wherein the will had been admitted to probate in 1890) assessed an inheritance tax upon the estate thus vesting in the two sisters and the two nieces as residuary devisees and legatees. In making this assessment the clerk proceeded upon the theory that the act of March 22, 1916 (Acts 1916, p. 812), in force when the residuary legatees and devisees became known and entitled to receive their respective shares, was applicable and rendered the estate liable to the tax.

On the 9th of December, 1918, the trustees and the legatees and devisees aforesaid, proceeding substantially but not literally in accord with section 567 of the Code of 1904 (Section 2385 of the Code of 1919), petitioned the Circuit Court of Loudoun county for relief against the assessment, on the ground that the estate which came to them under the will was not liable to an inheritance tax. Due notice of this application was given to the clerk who made the assessment, to the commissioner of the revenue for the district in which the property was situated, to the attorney for the Commonwealth, of Loudoun county, to the counsel and executive assistant of the State tax board, and to the Auditor of Public Accounts. Upon the hearing of the motion the counsel for the State Tax Board, without questioning the propriety of the procedure or the jurisdiction of the court, appeared and made defense for the Common-

wealth; and the commissioner of the revenue, the clerk who made the assessment, and the examiner of records were examined as witnesses. The court, being of opinion "that the estate of said Henry Grafton Dulany and all rights and interest therein of every sort and description passed at the date of his death, November 7, 1890, and that the same is not subject to any inheritance tax or other charge under the act of the General Assembly approved April 14, 1896 (Acts 1895-6, pages 367-8), or any subsequent act of the General Assembly, and that the said assessment of an inheritance tax or charge against said applicants is erroneous," entered an order cancelling and annulling the assessment, and relieving and discharging the estate from the payment of the tax. To that order this writ of error was awarded.

[1, 2] 1. A preliminary inquiry arises upon the motion of the Commonwealth, made for the first time upon the hearing in this court, to dismiss this entire proceeding on the ground that the Circuit Court of Loudoun county had no jurisdiction under section 567 of the Code of 1904 to entertain a petition for the correction of an erroneous assessment of an inheritance tax. In support of this contention the cases of *Commonwealth* v. *Carter's Ex'rs,* 126 Va. 469, 102 S. E. 58, and *Withers* v. *Jones,* 126 Va. 500, 102 S. E. 68, are cited. These cases were decided subsequent to the rendition of the judgment under review and in them we held that section 567 did not provide a remedy for the illegal assessment of inheritance taxes. Recent legislation, however, has furnished an answer to the jurisdictional question as raised here by the Commonwealth. When the petition in this case was presented and heard, the act of March 15, 1918 (Acts 1918, p. 416), was in force, whereby the Virginia inheritance tax statute was so amended as to confer upon the Circuit Court of Loudoun county jurisdiction to hear and determine an application for erroneous

assessment of an inheritance tax upon much the same pro-
cedure as that which is provided for in section 567 of the
Code of 1904. See *Heth* v. *Commonwealth,* 126 Va. 493,
102 S. E. 66. The procedure in the instant case was sub-
stantially that which is provided for in the above cited
amendment of the inheritance tax law, and the general ap-
pearance of the Commonwealth without objecting to the
form of the procedure amounted to a waiver of any right
to raise such objection in this court. The Circuit Court of
Loudoun county had jurisdiction of the subject matter and
of the parties, and the Commonwealth having appeared and
failed to raise the question in the lower court, cannot raise
it here for the first time. The governing principle is stated
by Judge Buchanan in *Harris* v. *Shield's Ex'r,* 111 Va. 643,
645, 69 S. E. 933. The motion to dismiss is denied.

2. Coming now to the merits of the controversy, there
was at the date of the testator's death in 1890 no statute
in force which authorized an inheritance tax such as is in-
volved in this proceeding. (*Commonwealth* v. *Wellford,*
114 Va. 372, 377, 76 S. E. 917, 44 L. R. A. (N. S.) 419.)
The act of 1916, pursuant to which the clerk made the as-
sessment in this case, is the last of a series of inheritance
tax laws which found their prototype in the act of Febru-
ary 14, 1896 (Acts 1895-6, p. 367).

[3] The question before us, therefore, is this: Does the
act of March 26, 1916, apply to contingent remainders cre-
ated under the will of a testator whose death occurred be-
fore the act was passed? This question has never been
settled in Virginia, and the cases from other jurisdictions
are not very helpful, partly because of the varied form
of the inheritance tax laws in the several States, and partly
because of the lack of uniformity among the decisions deal-
ing with the subject. See the note to *Commonwealth* v.
*Wellford* (Va. *supra*), 44 L. R. A. (N. S.) 420 *et seq.*

The pertinent language of the Virginia act is as follows:

"Be it enacted by the General Assembly of Virginia, That * * * where an estate in the Commonwealth of any decedent shall pass under a will or under the law regulating descents and distributions to any person, or to or for the use of any person, the estate so passing shall be subject to a tax at the rate of five per centum on every one hundred dollars' value thereof."

The foregoing language is substantially similar to that which is found in the act of 1896, discussed in *Commonwealth* v. *Wellford, supra,* a case in which the testator had died and a remainder created by his will had vested in interest before the statute was passed. In the course of the opinion by Judge Whittle it is said: "Therefore, unless the statute is to be given retroactive operation it cannot be applied in this case; and the general proposition as to whether such statutes to be applicable in a given case must have been in force at the death of the testator or at the time of the vesting in interest of the estate in remainder, is immaterial, since both of these events precede the passage of the act." The court there held that the act was not retroactive in its operation, and therefore could not apply to a remainder which had vested before its enactment, but expressly left open the question as to whether it would apply to a contingent remainder vesting after, but created by a testator whose death occurred before, the passage of the law.

[4] The authorities are not in harmony as to the constitutional power of the legislature to pass a statute imposing an inheritance tax on estates in remainder, even though contingent, which have been created by the will of a testator dying before the statute is passed. The better doctrine would seem to be that such power does exist. The tax is not a property tax, but a transmission or succession tax (*Commonwealth* v. *Carter's Executors, supra*), and there does not appear to be any good reason why the State

may not impose such a tax at any time before the property passing under the will of the decedent is actually received, provided the intent to do so is clearly expressed. (*Cahen* v. *Brewster,* 203 U. S. 543, 552, 27 Sup. Ct. 174, 51 L. Ed. 310, 8 Ann. Cas. 215.)

The serious question in this case, as it seems to us, however, is not whether the legislature had the power to do the thing which the Commonwealth claims was done, but whether it has exercised that power in language sufficiently clear to accomplish the purpose.

[5] Inheritance tax laws, like other tax laws, are prospective in operation unless expressly made retroactive, and apply only to the estates of decedents who have died since their enactment, although passed before distribution, and although the will is filed and probated after the passage of the statute. Blakemore and Bancroft on Inheritance Taxes, sec. 73; Gleason & Otis on Inheritance Taxation, p. 56.

It is conceded by counsel for the Commonwealth that the Virginia statute cannot be construed to operate retrospectively, and the contention before us is that the clerk, in assessing the Dulany estate, acted under a prospective operation of the statute because it was thus made to apply to an estate which vested in interest after the passage of the act. This argument is worthy of consideration, but we think it is reasonably clear that the authorities, when speaking of prospective and retrospective inheritance tax statutes usually refer, not to the situation of the estate, but to *the passing thereof by the death of the testator*.

Furthermore, it seems to us that the natural construction of the words used by the statute makes it apply to estates which should thereafter pass by will, and not to estates which had already so passed by will, even though they might at the time of the enactment of the statute not have vested in interest.

38

[6] Not only is it a well settled and a just and important rule in the construction of all tax laws, that they shall not be given a retrospective operation unless clearly so intended, but further that no tax shall be exacted from the citizens of the Commonwealth except in those cases which are clearly embraced within the taxing statute. *Commonwealth* v. *Wellford, supra; Commonwealth* v. *Hutzler,* 124 Va. 138, 140, 97 S. E. 775.

Tested by these rules, the assessment in question cannot be upheld. It cannot be fairly said that the statute clearly contemplated any estates except those arising under wills taking effect after its passage. To say the least of it, any other construction would be open to substantial and serious doubt. If the legislature had intended the result claimed by the Commonwealth in this case, such intent would doubtless have been expressed in language very different from that which appears in the statute.

For the reasons stated, we are of opinion that the decision of the Circuit Court of Loudoun county was right, and it will be affirmed.

*Affirmed.*