## Richmond

COMMONWEALTH V. SAFE DEPOSIT AND TRUST COMPANY OF
BALTIMORE, MARYLAND, TRUSTEE, AND MARY M. STECK.

November 13, 1930.

Present, Campbell, Holt, Epes, Hudgins and Gregory, JJ.

W. W. Martin and Henry R. Miller, Jr., for the Commonwealth.

Harrison & Harrison, for the defendants in error.

CAMPBELL, J., delivered the opinion of the court.

The Safe Deposit and Trust Company of Baltimore, Maryland, and Mary M. Steck, a citizen of Virginia, made application to the Corporation Court of the city of Winchester to correct an erroneous assessment of taxes on intangible personal property made out and returned by the examiner of records for the year 1928. The lower court annulled and set aside the assessment on the ground, as stated in the order: "That there is no authority in law for the assessment complained of or for the assessment of State taxes on the commuted value of the estate of any of the

beneficiaries of aforesaid trust estate * * *." The Commonwealth is here complaining of this action of the court.

Thomas Cover, Sr., a resident of Winchester, Virginia, by a deed executed on the 17th day of January, 1918, conveyed to the Safe Deposit and Trust Company of Baltimore, Maryland, in trust, a large amount of securities. By the terms of the trust, the trustee, after deducting expenses including taxes and commissions, was directed to pay over semi-annually the income therefrom to the children of the creator of the trust and the descendants of his deceased children, such payments to be made *per stirpes*. Certain provisions were made for surviving husbands and wives of deceased children, which are immaterial here, for Mary M. Steck is a living child of the creator of the trust. The trustee was given full power to vary the investments and to register in its name as trustee all registered securities. Payments were only to be made direct to distributees. The trust was to continue until the death of all the children of the creator and until his youngest grandchild living at his death reached the age of twenty-one years, when the principal was to be divided among all his descendants *per stirpes*. Right was reserved to alter or modify the trust, but not to revoke same or withdraw any part of the principal. Pursuant to this reserved right, two modifying instruments were executed, but by neither of them was the interest of Mary M. Steck affected. The trustee accepted and has carried out the provisions of the trust. All proper taxes on the securities constituting the trust have been paid by the trustee to the State of Maryland and its political subdivisions, and Mrs. Steck has paid all income taxes due by her to the State of Virginia.

The statute classifying intangible personal property subject to taxation and relied upon by the Commonwealth is section 69 of the Tax Code (Code 1930, page 2146) which, so far as relevant, is as follows:

"All bonds (except bonds of the United States, bonds of the State of Virginia and bonds of counties, cities and towns or other political subdivisions of this State), notes and other evidences of debt, including bonds of other States than Virginia, bonds of counties, cities and towns located outside of the State of Virginia, bonds of railroad and canal companies and other corporations, bonds of individuals and all demands and claims, however evidenced, whether secured by mortgage, deed of trust, judgment or otherwise, or not so secured; provided, however, that no property taxable under any other section of this chapter shall be taxable under this section."

▮ The Commonwealth maintains that, in view of the mandate of section 168 of the Constitution that all property shall be taxed, Mrs. Steck is properly assessed with taxes upon the life estate created for her by the terms of the trust deed; that the compelling conclusion is that the assessment falls under the language of the statute, to-wit: "All demands and claims"; that the value of the life estate can be readily determined by resort to the formula prescribed by sections 5131 and 5132 of the Code relating to the ascertainment of the value of life estates. Whether or not the Commonwealth could constitutionally levy a tax upon whatever may be the value of Mrs. Steck's interest is not, in our opinion, involved in this writ of error, as the Commonwealth has not seen fit to do so in the enactment of section 69 of the Tax Code.

▮ It is well settled that a tax is a creature of either organic or statutory law. It cannot arise by implication, and the Commonwealth for whose benefit the tax is imposed must have the warrant of law, unmistakable in its terms, before imposing the same.

In *County of Sussex* v. *Jarratt*, 129 Va. 688, 106 S. E. 384, 389, 627, Judge Saunders approves the following statements of the rule: "It is well settled and familiar law that statutes imposing taxes are to be construed most strongly

against the government and in favor of the citizen, and are not to be extended by implication beyond the clear import of the language used. Wherever there is a just doubt, that doubt should absolve the taxpayer from his burden." *Com'th* v. *Hutzler*, 124 Va. 138, 97 S. E. 775. "It is a well settled and a just and important rule in the construction of all tax laws, that no tax shall be exacted from the citizens of the Commonwealth except in those cases which are clearly embraced in the taxing statutes." *Com'th* v. *Herbert*, 127 Va. 291, 103 S. E. 645.

█ █ The argument of counsel for the Commonwealth that the so-called life estate of Mrs. Steck is taxable, for the reason that she has a demand or claim at all times against the trustee, excludes the consideration of several important elements which should be seriously considered. If we denominate her interest a life estate, it is only a life estate in a one-eighth interest in the income from the estate and not in the *corpus*. Upon the death of the children of the grantor, under the terms of the deed of trust, the income is no longer a claim or demand, but becomes a part of the *corpus* and passes under the trust deed. In no event could Mrs. Steck have a claim or demand against the estate unless the securities conveyed to the trustee yielded an income. If there was no income due at the beginning of the tax year, there was nothing upon which the tax could be laid. Before there can be an assessment of a tax there must be property in existence at the time of making the assessment. There can be no legal demand or claim unless it is based upon something due. The only interest possessed by Mrs. Steck in her father's estate is an *inchoate* interest in possible income derived from a successful investment upon the part of the trustee, which interest may cease to exist before the expiration of the current tax year. The record discloses that all taxes imposed by the State of Maryland have been fully paid. It also discloses that with-

out demur Mrs. Steck has paid all income taxes chargeable against her and due the Commonwealth of Virginia.

We find no error in the holding of the trial court "that there is no authority in law for the assessment complained of," and the judgment is affirmed.

*Affirmed.*