NORTHERN PACIFIC RAILWAY CO., Appellant, *v.* LUTEY, County Treasurer, Respondent.

(No. 7,668.)

(Submitted March 2, 1937. Decided March 25, 1937.)

[66 Pac. (2d) 785.]

*Messrs. Gunn, Rasch, Hall & Gunn* for Appellant, submitted a brief; *Mr. M. S. Gunn* argued the cause orally.

*Mr. John W. Mahan,* City Attorney for the city of Helena, and *Mr. Harold K. Anderson,* County Attorney of Lewis and Clark County, for Respondent, submitted a brief; *Mr. Mahan* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiff bronght this action to recover taxes in the sum of $177.63, paid under protest. It alleged in its complaint that

the tax in question was attempted to be levied by the city council of the city of Helena for the year 1934 as a garbage tax. It is alleged that a general tax of 2.11 mills was levied upon all the property within the city for garbage removal, and that this levy was in excess of 15 mills levied for general municipal and administrative purposes. Paragraph VIII alleged: ''That no garbage or other matter had ever been removed by said city from the property of this plaintiff, and all garbage and refuse matter upon the premises and property of this plaintiff, and in any alley, street or public ground adjacent thereto has been, at all times, and will be in the future, removed and cared for by this plaintiff, and this plaintiff has never received and will not receive any benefit whatever from the unlawful and excessive tax levied against and imposed upon its property, as aforesaid.''

The answer denied all the allegations of paragraph VIII of the complaint, and alleged that the tax levy in question is not a general tax but is ''a special tax levied for the purpose of garbage removal and that the same is assessed against the property from which such matter was deposited and all of which benefited said property within the meaning of section 5039.'' It also alleged that the levy was made pursuant to authority conferred by the people of Helena at an election held in 1902, whereat a majority of the electors expressed approval that the cost of garbage removal be borne by the city rather than by the persons served. It admitted that the 2.11-mill levy is in ''excess of the 15 mills levied for general municipal and administrative purposes.''

After the filing of the answer, plaintiff moved for judgment on the pleadings; the motion was denied. Plaintiff declined to plead further and judgment was accordingly entered for defendant. Plaintiff appealed from the judgment and makes two assignments of error, to wit, first, that the court erred in denying its motion for judgment on the pleadings; and, second, that it erred in rendering judgment for defendant. The second assignment is not urged in the brief, except as it is necessarily involved in the first. In other words, plaintiff does not contend

that, if it is not entitled to judgment on the pleadings, there should have been a trial on the merits. Its sole argument is that it was and is entitled to judgment on the pleadings. We therefore will consider but the one question, Was plaintiff entitled to judgment on the pleadings?

Section 5039.6, Revised Codes of 1935, empowers the city council "to regulate the disposition and removal of ashes, garbage, or other offensive matter in any street, alley, or on public grounds or on any premises, and to provide for levying the cost of such removal as a special tax against the property from which such matter was deposited."

The authority to remove garbage is a part of the police power ▮ exerted in the interest of public health. (*Pantlind* v. *City of Grand Rapids,* 210 Mich. 18, 177 N. W. 302, 15 A. L. R. 280.)

The special tax provided for by the above section, strictly ▮▮ speaking, is a device by which property owners are required to pay for services rendered. (*Walker* v. *Jameson,* 140 Ind. 591, 37 N. E. 402, 39 N. E. 869, 28 L. R. A. 679, 683, 49 Am. St. Rep. 222.) It bears some analogy to a special assessment in that the municipal authorities must determine the fact question as to what property should be assessed in each instance. The rule is well established that the question of determining the area benefited by an improvement is a legislative function, and such legislative determination, unless palpably unjust, is usually conclusive (5 McQuillin on Municipal Corporations, 2d ed., sec. 2166), except in cases of fraud or manifest mistake (Id., sec. 2269). The city council's determination, pursuant to legislative authority, of the property benefited, in the absence of fraud or manifest mistake, is conclusive. (*City of Detroit* v. *Weil,* 180 Mich. 593, 147 N. W. 550; *Newman* v. *Warner-Quinlan Asphalt Co.,* 71 Okl. 284, 177 Pac. 375; *Crawford* v. *Cassity,* 78 Okl. 261, 190 Pac. 412; *Lansdown* v. *Kierns,* 303 Mo. 75, 260 S. W. 88; *Austin* v. *Tillamook City,* 121 Or. 385, 254 Pac. 819; *Trimble* v. *City of Seattle,* 93 Wash. 472, 161 Pac. 381.)

Here, the statute authorizes the city to regulate the disposition and removal of offensive matter in any street, alley, or on public grounds, and to levy a tax against the property from which such matter was deposited. It is not always possible to ascertain definitely from what property offensive matter finds its lodgment in the streets or alleys or on public property. Its removal is necessary in the interest of public health. Whether all of the property in the city derives benefit from its removal, or, in the words of the statute, whether some offensive matter requiring removal comes from all property, real and personal, in the city is doubtful, to say the least. But if the levy in question covered too much property, it simply presents a case where the assessment was unlawful in part only.

Here there was issue tendered by the pleadings as to whether garbage had been removed from plaintiff's property. If some of plaintiff's property was subject to the tax, and some was not, there is no showing as to what part of it was not subject thereto. The fact that property belonging to others than plaintiff may have been wrongfully assessed would not give plaintiff a right to complain, because in such case it is not injured. (Cooley on Taxation, 4th ed., sec. 1655; *Anaconda Copper Min. Co.* v. *Ravalli County*, 52 Mont. 422, 158 Pac. 682.)

We recognize the rule that where a part of a tax is illegal, and where the legal and illegal are inseparable, the whole must fall. (*Hinz* v. *Musselshell County*, 82 Mont. 502, 267 Pac. 1113.) However, that rule cannot apply here, because here the only difference of opinion that can arise is whether certain property is subject to the tax. If it is not, then the tax as to it is illegal and can easily be separated from that which is subject thereto. And when the illegal can be separated from the legal, the entire tax will not fall. (Cooley on Taxation, 4th ed., sec. 1668.)

In view of the issue raised by the pleadings that garbage was removed from plaintiff's property, and hence, if that question be decided in the affirmative, at least some of its property

was subject to the tax, and it was not entitled to judgment on the pleadings.

The judgment is accordingly affirmed.

MR. CHIEF JUSTICE SANDS, and ASSOCIATE JUSTICES STEWART and ANDERSON concur.

MR. JUSTICE MORRIS dissenting:

The question involved here is one of purely statutory construction. Section 5195, Revised Codes, provides: "Whenever the council of any city or town shall deem it necessary to raise money by taxation, in excess of the levy now allowed by law, for any purpose for which said city or town is authorized to expend moneys raised by taxation in said city or town, it shall submit the question of such additional levy to the legal voters of such city or town who are taxpaying freeholders therein, either at the regular annual election held in said city or town, or at a special election called for that purpose by the council of such' city or town; provided, however, that such additional levy shall not exceed five mills."

The power to levy any tax for garbage removal purposes is found in subdivision 7 of section 5039, Revised Codes of 1921, which provides, in part: "The city or town council has power: * * * 7. * * * to regulate the deposition and removal of ashes, garbage, or other offensive matter in any street, alley, or on public grounds or on any premises, and to provide for levying the cost of such removal as a special tax against the property from which such matter was deposited."

This method is exclusive. I think the rule of "express mention and implied exclusion" applies here, and that the legislature having expressly provided a means of raising revenue to pay the cost of removing garbage, any other method is excluded.

"When the tax gatherer puts his finger on the citizen, he must also put his finger on the law permitting it." (*Leavell* v. *Blades,* 237 Mo. 695, 141 S. W. 893, 894.) The taxing power is an exclusive legislative function. (Article XII, sec. 4, Con-

stitution of Montana; 61 C. J. 81.) There is no such thing as implied power to levy a tax. If it is not expressly granted by statute, the power does not exist. (*State ex rel. Tillman* v. *District Court*, 101 Mont. 176, 53 Pac. (2d) 107, 103 A. L. R. 376; *State* v. *Gehner*, (Mo. Sup.) 280 S. W. 421; *Commonwealth* v. *Safe Deposit & Trust Co.*, 155 Va. 452, 155 S. E. 895; *Federal St. & P. V. Pass. Ry. Co.* v. *City of Pittsburg*, 226 Pa. 419, 75 Atl. 662; *Bohemian Distributing Co:* v. *City of Los Angeles*, 8 Cal. App. (2d) 762, 48 Pac. (2d) 75; *People* v. *Illinois Women's Athletic Club*, 360 Ill. 577, 196 N. E. 881.)

Revenue for garbage removal purposes has been expressly authorized by subdivision 7, section 5039, supra. The mode is exclusive and must be followed. When the defendant admitted that the city council made the levy, not on the property from which the garbage was removed, but on all the property within the corporate limits, it admitted an illegal act. The contention that plaintiff, by its motion for judgment on the pleadings, admitted certain facts pleaded by defendant's answer thereby raising an issue that could be determined only by the introduction of evidence, is without merit. For instance, if a proceeding were authorized by which defendant could have appeared *ex parte* in this action, and defendant could not put its finger on any statute authorizing the tax, it must necessarily be declared illegal and void. Hence, when defendant admitted the illegal method followed in making the levy, plaintiff's refusal to plead further was of no consequence. Defendant's admission established all that could have been established by the introduction of the most conclusive evidence, and receiving evidence would have been a useless act. Plaintiff had no remedy by appeal to the county board of equalization with a further appeal to the state board of equalization. The functions of boards of equalization are to equalize valuations of the property assessed, not to fix levies. (Art. XII, sec. 15, Constitution of Montana.)

The election authorized by the city council April 7, 1902, has no bearing here, as it was not held in compliance with any statutory provision, and, furthermore, all levies of the nature of

that in question must be provided for annually, preceded by an annual assessment. (Sec. 2002, Rev. Codes.)

The plaintiff's motion for judgment on the pleadings should have been granted.