# Staunton

COMMONWEALTH OF VIRGINIA V. BLAIR B. STRINGFELLOW.

September 13, 1939.

Record No. 2133.

Present, Holt, Hudgins, Gregory, Browning, Eggleston
and Spratley, JJ.

The opinion states the case.

*Abram P. Staples, Attorney-General,* and *W. W. Martin, Assistant Attorney-General,* for the Commonwealth.

*Henry W. Anderson, Eppa Hunton, IV,* and *Irvin G. Craig,* for the defendant in error.

HOLT, J., delivered the opinion of the court.

Under review is an order correcting what was held to be an erroneous assessment of omitted additional State taxes for the years 1934, 1935, and 1936. This additional assessment came about in this manner:

Scott & Stringfellow are stockbrokers in the city of Richmond. They buy and sell stock for their customers and transact such business as is usually incident to that calling. Among these customers was Mr. Blair B. Stringfellow, who for many years maintained an open account with these brokers. This account was made up of money deposited, proceeds from the sale of stocks and bonds, and collections made by way of dividends, interest, etc. It varied from time to time, but its balance was always payable on demand.

There was on January 1st of the following years to his credit these amounts:

1934 .............................$16,123.00
1935 ............................. 15,808.00
1936 ............................ 4,470.00

Mr. Stringfellow returned these balances for taxation as money under section 70 of the Tax Code (Code 1936, Appendix, p. 2415). The Department of Taxation, however, was of opinion that they should be assessed under section 69 of the Tax Code and did so assess him. From that assessment Mr. Stringfellow successfully appealed to the Hustings Court of the city of Richmond. The State has obtained a writ of error, and that judgment is now before us.

Of course all proceedings are, or should be, based upon statutes which designate subjects for taxation and the rate of their assessment.

At an extra session of the General Assembly for the years 1902-3-4, the Legislature made a careful review of matters affected by the Constitution of 1902, which had just gone into effect, and in an act approved April 16, 1903, session acts, ch. 148, p. 155, are these provisions:

"8. The classifications under schedule C shall be as follows:

"PERSONAL PROPERTY IN CHOSES IN ACTION, ETC.

"First. Bonds, notes, and other evidences of debt, including bonds of other States than Virginia, bonds of counties, cities, and towns, bonds of railroad and canal companies and other corporations, bonds of individuals, and all demands and claims, however evidenced, whether secured by deed of trust, judgment, or otherwise, or not so secured."

This statute, in so far as it designates property to be taxed, has not been changed and is found today in section 69 of the Tax Code of Virginia.

The seventh subsection of the act of 1903 reads:

"Money on deposit with any bank or other corporation or firm or person."

This stood unchanged until 1922, when it was made to read: "All money * * * on deposit with any bank or other corporation or firm or person doing a banking business." As changed, it forms a part of section 70 of the Tax Code.

For convenience, we shall designate these classes of properties as class one and class two.

Although, as we have seen, they were segregated from each other in the act of 1903, that segregation was accentuated in 1914 by an act of the General Assembly of that year (chapter 4), which reads in part:

"1. Be it enacted by the General Assembly of Virginia, That in pursuance of the provisions of section one hundred and sixty-nine of the Constitution of Virginia, money on deposit with any bank or other corporation or firm or person, or in the possession or under the control of the owner, whether such money be actually in or out of this State, and belonging to a citizen of this State, is hereby segregated and made subject of taxation by the State of Virginia only, and shall not be liable to taxation by any of the cities, towns or counties, school districts and other local subdivisions of this State.

"2. The total rate of such segregated taxation on such money on deposit or otherwise shall be twenty cents on the one hundred dollars, one-half of which shall be applied to the support of the government, and one-half of which shall be applied to the support of the public free schools of the State. * * * "

From which it is perfectly clear that money on deposit with any bank or other corporation or firm or person is segregated from "bonds, notes, and other evidences of debt, including bonds of other States than Virginia, bonds of counties, cities, and towns, bonds of railroad and canal companies and other corporations, bonds of individuals, and all demands and claims, however evidenced, whether secured by deed of trust, judgment, or otherwise, or not so secured."

By an act of 1915, session acts, p. 98, the difference in the tax rate on these two classes of properties is maintained, and it is distinctly provided that property in class two shall

not be subject to local levies. And this distinction is carried into another act of that Legislature, session acts, p. 160, as it is in the act of 1916, p. 655, and in that of 1920, p. 793. It also reappears in the act of 1922, p. 551. Here, for the first time, appears that change which has given trouble. The rate of taxation still differs but the twenty-cent rate is applied only to money "on deposit with any bank or other corporation or firm or person doing a banking business."

By act of 1926, p. 955, property in class one is taxed at fifty cents on the hundred dollars; that in class two at twenty cents, but class two is again redefined, and this twenty-cent levy is limited in its application to "any bank or other corporation or firm or person doing a banking business." The statute itself reads:

"All money other than money used or employed in any trade or business not otherwise taxed, on deposit with any bank or other corporation or firm or person doing a banking business, or in the possession or under control of the owner, * * * ."

From this it is perfectly clear that down to 1922 money on deposit "with any bank or other corporation or firm or person" constituted a class by itself and by the Legislature had been segregated from bonds, notes and other evidences of debt and could not possibly have been included in what is now section 69 of the Tax Code.

Since this account, up to 1922, could not possibly have been assessed as falling within the definition of class one, that is still true unless the act of 1903 was in this particular amended by the act of 1922; and such an extraordinary method of amendment is nowhere suggested by the act itself. Mr. Stringfellow's claim against Scott & Stringfellow continued exactly as it was before.

We need not go afield to define those properties named in the statute as constituting class one. Whatever definitions may be adopted, they certainly cannot cover those named as making up class two. Descriptive designations of properties to be taxed are in no wise the same. Moreover, these differences, which have been stated time and time again by

the Legislature, are too plain to be misunderstood. The rates of taxation are wide apart.

As a basic proposition, class one is made up of securities and to them the maxim *noscitur a sociis* applies, while class two deals with money held on demand.

Reliance is placed upon the practical construction of these statutes by the Department of Taxation. "This practical construction given to the laws by public officials is entitled to, and has, great weight with us. *City of Norfolk* v. *Bell,* 149 Va. 772, 780, 781, 141 S. E. 844; *South East Public Service Corp.* v. *Commonwealth,* 165 Va. 116, 181 S. E. 448, 452." *Hunton* v. *Commonwealth,* 166 Va. 229, 242, 183 S. E. 873, 878. And it is said that the Department of Taxation has, since its organization in 1928, uniformly held that accounts like that in question are taxable under Tax Code, section 69. But we find that this construction, uniformly held, was not uniformly enforced, for as late as October 4, 1933, this circular letter was addressed by the taxing department to Mr. Stringfellow and to others similarly circumstanced:

"The Department has given consideration to the taxation of money of individuals on deposit with private bankers. In the past this class of money has been in some instances reported as money on deposit under section 70 of the Tax Code of Virginia and taxed at the rate of twenty cents on every one hundred dollars.

"Section 70 of the Tax Code provides that money to be taxed as such shall be 'on deposit with any bank or other corporation or firm *doing a banking business.* * * * ' Section 4149 (3) of the Virginia Code of 1930 provides in effect that no person, partnership or corporation shall do a banking business except a duly chartered bank, the section not applying, however, to 'private bankers who shall have been engaged in business on the first day of January, nineteen hundred and ten.'

"The conclusion of the Department from the two statutes above mentioned is that in order for money of an individual on deposit with a private banker, who was engaged in busi-

ness on January 1, 1910, to be taxed as such at the twenty cent rate, such private banker must in fact be *doing a banking business;* if the private banker is not in fact doing a banking business it manifestly follows that money on deposit with him is taxable under the provisions of section 69 of the Tax Code at the fifty cent rate.

"This information is being furnished now so that all concerned will be informed before the beginning of the next tax year (January 1, 1934)."

It thus appears that as late as 1934 the Commonwealth had not underaken to enforce against Mr. Stringfellow the rule for which it now contends. And in 1932 it wrote to the Attorney General, asking him what he thought about it. Moreover, there is not a suggestion in the record that from 1903 until 1928 there was any effort to tax accounts like that in judgment as constituting a part of class one.

In 1935 the principles involved came before the Hustings Court of the city of Richmond in the case of *E. Randolph Williams & others* v. *Commonwealth,* in which this final order was entered:

"And it appearing from said petition and stipulation that on October 10, 1934, the Department of Taxation, purporting to act under the authority of section 69 of the Tax Code of Virginia, made an assessment against said partnership of an alleged omitted tax in the sum of $222.87, including penalties of $28.46 and interest in the amount of $10.60, on account of $36,762.00 of accounts receivable shown on the books of said firm on January 1, 1933, as owing by sundry clients but for which it held no bonds, notes or other writing executed by said clients as evidence of said indebtedness, or any part thereof, and the court being of opinion that such open account claims are not taxable in the hands of the petitioners under section 69 of the Tax Code of Virginia and that the aforesaid assessment of an omitted tax thereon was erroneous, illegal and void * * * ."

If it was not accepted, it was not appealed.

The Commonwealth also relies upon section 168 of our Constitution, which declares that "all property, except

as hereinafter provided, shall be taxed; all taxes, whether State, local or municipal, shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax."

This mandate is not self-executing, and legislation is necessary to carry it into effect. One must be able to put his finger upon the letter of authority.

"It is well settled and familiar law that statutes imposing taxes are to be construed most strongly against the government and in favor of the citizen, and are not to be extended by implication beyond the clear import of the language used. Wherever there is a just doubt, that doubt should absolve the taxpayer from his burden." *Commonwealth* v. *Hutzler*, 124 Va. 138, 97 S. E. 775; *Commonwealth* v. *Herbert*, 127 Va. 291, 103 S. E. 645; *County of Sussex* v. *Jarratt*, 129 Va. 672, 106 S. E. 384, 627; *Commonwealth* v. *Safe Deposit & Trust Co.*, 155 Va. 452, 155 S. E. 895.

Since Scott & Stringfellow, accurately speaking, no longer do a banking business, the lower court was of opinion that those funds, held to the credit of petitioner, were not liable for taxation at all; that it was simply a case of *casus omissus*.

Tax Code, section 70, and antecedent statutes from 1903, were intended primarily to deal with money. Personalty, in that form, is extremely mobile, and at times has been found to be evasive. This doubtless has induced the Legislature to decrease the rate of taxation and to place that rate at twenty cents and not at fifty cents. Mr. Stringfellow was willing to pay twenty cents and had long paid it, apparently without objection on the part of our taxing authorities. While Scott & Stringfellow are not bankers, much that they do is in the nature of a banking business. Clients' money deposited with them is put into a common fund and subject at all times to call. The trial court, in its opinion, said:

"To all intents and purposes, a credit balance with a stock exchange broker is practically the same as a credit balance with a bank, money on deposit. The relationship of debtor and creditor exists in each case, and custom has made the

payment by the broker as immediate and as easy as by the banker."

■ The Commonwealth contends that liability rests in section 69 and not under section 70, and that if liability cannot be established under section 69, it cannot be established at all. But logic at times gives way to common sense. A verdict of manslaughter might stand although the evidence establishes unmitigated murder. From entire relief Mr. Stringfellow naturally makes no strenuous objection. But when we remember it was the purpose of the Constitution to have the Legislature assess all property for taxation and that this under review is really money on deposit, to tax it as such seems to be fair and just; and this would appear to be the best solution of a somewhat awkward situation. Certainly we are safe in assuming that there was no legislative intent to relieve it in its entirety. To that extent the judgment of the lower court is modified and as modified is affirmed.

*Modified and affirmed.*